

# NUMBER 13-08-00560-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| KHALIL PAKIDEH, INDIVIDUALLY<br>AND ALMA INVESTMENTS, INC.,<br>D/B/A TEXAS ALMA INVESTMENTS, INC., | Appellants, |

v.

| | |
|---|---|
| WILLIAM L. POPE, INDIVIDUALLY<br>AND ADAMS & GRAHAM, L.L.P., | Appellees. |

### On appeal from the 404th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Yañez, Benavides, and Vela
### Memorandum Opinion by Justice Benavides

Appellants, Khalil Pakideh and Alma Investments, Inc. d/b/a Texas Alma Investments, Inc. ("Alma"), appeal the trial court's order granting final summary judgment in favor of appellees, William L. Pope and Adams & Graham, L.L.P. ("A&G"). By three issues, which we renumber, Pakideh and Alma argue that (1) the trial court erred by

granting Pope and A&G's no-evidence motion for summary judgment, which failed to comply with Texas Rule of Civil Procedure 166a(i)'s specificity requirement; (2) the trial court erred by granting Pope and A&G's traditional motion for summary judgment because the evidence in support of the motion failed to conclusively negate an element of Pakideh and Alma's claims; and (3) the trial court erred by granting the traditional motion for summary judgment because there is more than a scintilla of evidence to support Pakideh and Alma's claims. We affirm, in part, and reverse and remand, in part.

## I. BACKGROUND

Pakideh is the sole shareholder of Alma, which consists almost entirely of the Bahia Mar (the "property"), a hotel and condominium complex located on South Padre Island. When Alma purchased the property, Pakideh hired Abolhassan Ahadi, his brother-in-law, to manage it. After managing the property for several years, Ahadi filed suit against Pakideh and Alma in the 404th District Court of Cameron County (the "underlying case").[1] Ahadi alleged that in addition to his salary, Pakideh promised him that he could purchase 15% of Alma for $45,000, which Ahadi could discharge by making periodic payments. Pakideh denied making such an offer.

Pakideh and Alma were represented in the underlying case by Pope and his law firm, A&G. The dispute was submitted to a mediator on the eve of trial, and during the mediation, Pakideh and Alma settled the litigation against Ahadi for $1,750,000.

Pakideh and Alma then filed this suit against Pope and A&G, alleging that Pope and A&G "wholly failed to carry out the duties they owed to [Pakideh and Alma] by failing to properly designate expert witnesses" and by failing to "properly prepare for trial." Pakideh

---

[1] Trial court cause number 1999-09-3867-G, *Abolhassan Ahadi v. Khalil Pakideh, Soudabeh Ahadi, and Alma Investments Inc. d/b/a Texas Alma Investments, Inc.*

and Alma alleged that, because Pope and A&G were not prepared for trial and had not designated expert witnesses, Pakideh and Alma were forced to settle the litigation "for a sum of money far more than they should have." Furthermore, Pakideh and Alma alleged that Pope and A&G failed to advise them properly regarding their affirmative defenses, failed to competently and diligently represent them, failed to preserve their claims and rights, failed to keep them informed, and failed to protect their interests. Pakideh and Alma's petition alleged causes of action for negligence, negligence per se, and breach of fiduciary duty and sought actual damages and fee forfeiture.

Pope and A&G filed a motion for summary judgment that combined both no-evidence and traditional grounds for summary judgment. The motion attached an affidavit from Pope and portions of Pakideh's deposition, although the motion relied almost entirely on Pope's affidavit. After providing the background for the underlying suit, the affidavit stated the following, in relevant part:

> 5. A. Ahadi began managing the Bahia Mar in 1992. He made his first payment toward the 15% interest in the amount of $15,000, which was accepted by Pakideh. However, Pakideh never assigned him the 15% interest, and between 1992 and 1999, A. Ahadi wrote several letters demanding the 15% interest. Pakideh never directly responded to this demand until a letter was written in 1999 flatly denying A. Ahadi's claim.

> 6. In my opinion, a jury was likely to resolve most if not all of the factual issues in favor of A. Ahadi. Among the reasons for this conclusion are the fact that Pakideh does not make a good witness, Pakideh's denial of the promise of 15% interest of Alma is contradicted by a written document, Pakideh has been caught in a number of misstatements, Pakideh waited years to explicitly deny the contention in A. Ahadi's letters that he was entitled to 15%, Pakideh accepted A. Ahadi's payment toward the 15% interest, and a manager of a Florida hotel that was owned by another Pakideh company testified that Pakideh promised him 15% of that company and reneged and that Pakideh confessed to him that A. Ahadi had been promised 15% of Alma. Additionally, Pakideh had failed to pursue an offer from a third party for purchase of the Bahia Mar at a price substantially in excess of what Pakideh claimed it was worth. Further, there was significant potential that a jury might be prejudiced against Pakideh and [his wife]

3

because of their tremendous wealth and the fact that the investment in the Bahia Mar had enjoyed tremendous appreciation.

7. We did file a motion for summary judgment for Pakideh, [his wife] and Alma on the basis of the statute of limitations and the statute of frauds, but that motion was denied. In my opinion, the chance of sustaining those or any legal points in the appellate process was not good.

8. In my opinion, Pakideh and Alma were facing serious exposure for $1,770,000 actual damages (15% of Alma's value of $11.8 million established by A. Ahadi's experts); a very large amount of prejudgment interest since this matter had been pending for many years, and possible exposure for A. Ahadi's attorneys' fees, punitive damages and mental anguish damages. Thus, the settlement of $ 1.75 million was an excellent settlement and almost certainly substantially less than Pakideh and Alma would have been forced to pay had the case not been settled. Pakideh, [his wife] and Alma knowingly and willingly accepted the settlement.

9. A&G and I properly designated expert witnesses, properly prepared for trial, and did not force Pakideh and Alma to settle at all, much less for a sum of money more than they should have. A&G and I properly and fully advised Pakideh and Alma regarding their affirmative defenses, diligently represented them, did not fail to preserve their claims and rights, kept them fully informed, and fully and properly protected their interest. A&G and I were fully competent to handle this case and have handled a number of similar cases in the past. A&G and I did not neglect the Underlying Case and properly and completely carried out all obligations owed to Pakideh and Alma. A&G and I kept Pakideh and Alma fully informed about the status of the matter, promptly complied with reasonable requests for information, and explained all matters to Pakideh and Alma that were reasonably necessary to permit them to make informed decisions regarding their representation. A&G and I never made any false or misleading representations or communications to Pakideh and Alma, and did nothing that was dishonest, fraudulent, or deceitful. A&G and I did not misrepresent our expertise or the quality of our services in any respect.

Pakideh and Alma filed a response and objections to the summary judgment motion and to Pope's affidavit. In particular, Pakideh and Alma objected that the no-evidence motion was defective because it did not specify the elements of the claims for which there was no evidence. *See* Tex. R. Civ. P. 166i(i). Furthermore, among other objections discussed more fully below, Pakideh and Alma pointed out that Pope's affidavit did not state that it was based on his personal knowledge and that the facts stated were true and

4

correct.

The trial court held a hearing on the motion. Pope and A&G were granted leave to amend the affidavit to state that the facts were within Pope's personal knowledge and were true and correct, which they did, but Pope and A&G declined the opportunity to amend the no-evidence motion to refer to specific elements of Pakideh and Alma's claims. After the hearing, the trial court granted the motion for summary judgment without stating the grounds for its ruling and without expressly ruling on any of Pakideh and Alma's objections to the motion or to the affidavit. This appeal ensued.

## II. STANDARDS OF REVIEW

As noted above, the trial court's order granting Pope and A&G's motion for summary judgment did not state the grounds for its rulings. Under these circumstances, we must affirm the judgment if any of the grounds alleged in the motions were meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Different standards of review apply to summary judgments granted on no-evidence and traditional grounds. *See* TEX. R. CIV. P. 166a(c), (i); *see also Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 771 (Tex. App.–Corpus Christi 2003, no pet.) (op. on reh'g).

A no-evidence summary judgment is equivalent to a pretrial directed verdict, and we apply the same legal sufficiency standard on review. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Ortega*, 97 S.W.3d at 772. Once an appropriate motion for no-evidence summary judgment is filed, the burden of producing evidence is entirely on the non-movant; the movant has no burden to attach any evidence to the motion. TEX. R. CIV. P. 166a(i). We may not consider any evidence presented by the movant unless it creates a fact question. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004); *Newkumet v. Allen*, 230 S.W.3d 518, 521 (Tex. App.–Eastland 2007, no pet.).

5

To defeat a no-evidence motion for summary judgment, the non-movant must merely produce a scintilla of probative evidence to raise a genuine issue of material fact. *Ortega*, 97 S.W.3d at 772. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion of a fact.'" *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). More than a scintilla exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994)). In determining whether the non-movant has met its burden, we review the evidence in the light most favorable to the non-movant, crediting such evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Tamez*, 206 S.W.3d at 582; *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

In contrast, we review the trial court's grant of a traditional motion for summary judgment *de novo*. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.–Corpus Christi 2003, no pet.). When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The movant bears the burden of proof in a traditional motion for summary judgment, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence*

6

*Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

We will affirm a traditional summary judgment only if the record establishes that the movant has conclusively proved its defense as a matter of law or if the movant has negated at least one essential element of the plaintiff's cause of action. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Clear Creek Basin*, 589 S.W.2d at 678. A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller*, 168 S.W.3d at 816. Only when the movant has produced sufficient evidence to establish its right to summary judgment does the burden shift to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

When a party moves for summary judgment under both Rules 166a(c) and 166a(i) of the Texas Rules of Civil Procedure, we will first review the trial court's judgment under the standards of Rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the non-movant fails to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the non-movant's summary judgment proof satisfies the less stringent Rule 166a(c) burden. *Id.*

### III. No-Evidence Motion for Summary Judgment

By their first issue, Pakideh and Alma argue that the trial court erred in granting Pope and A&G's no-evidence motion for summary judgment because the motion failed to comply with Texas Rule of Civil Procedure 166a(i)'s specificity requirement. *See* Tex. R. Civ. P. 166a(i). Pope and A&G filed a hybrid motion for summary judgment, combining

7

both no-evidence and traditional summary judgment grounds. After a background section describing the lawsuit, the motion listed the allegations made by Pakideh and Alma as follows:

a.　　Failure to properly designate expert witnesses.

b.　　Failure to properly prepare for trial.

c.　　Forcing the plaintiffs to settle for more than they should have.

d.　　Failure to advise the plaintiffs regarding their affirmative defenses.

e.　　Failure to diligently represent the plaintiffs.

f.　　Failure to preserve the plaintiffs' claims and rights.

g.　　Failure to keep the plaintiffs informed.

h.　　Failure to protect the plaintiffs' interest.

i.　　Neglecting a legal matter entrusted to them.

j.　　Failure to carry out competently the obligations they owed to the plaintiffs.

k.　　Failure to keep the plaintiffs reasonably informed.

l.　　Failure to explain the case to the plaintiffs to the extent necessary to permit them to make informed decisions regarding the representation.

m.　　Making false and misleading communications about their qualifications or services, including misrepresenting their qualifications and expertise to handle this matter.

n.　　Engaging in dishonesty, fraud, deceit or misrepresentation.

Then, under a heading titled "POPE AND A&G ARE ENTITLED TO A NO[-]EVIDENCE SUMMARY JUDGMENT," the motion included the following argument, which we quote in its entirety: "There is no evidence to support any of the claims of the plaintiffs listed in part III above. The plaintiffs plead no other claims. Accordingly, the court must grant this motion."

8

Pakideh and Alma argue that they alleged claims for negligence, negligence per se, and breach of fiduciary duty. They argue that the no-evidence motion did not state the elements of these claims for which there was no evidence but, rather, challenged the factual theories alleged in the lawsuit. In *Garcia v. State Farm Lloyds*, we held that "a motion for no-evidence summary judgment that only generally attacks a factual theory, without specifying the elements of the claims being attacked, is insufficient to support a no-evidence summary judgment." *See* 287 S.W.3d 809, 819 (Tex. App.–Corpus Christi 2009, pet. denied) (citing *Callaghan Ranch Ltd. v. Killam*, 53 S.W.3d 1, 3-4 (Tex. App.–San Antonio 2000, pet. denied)). We noted that Rule 166a(i)'s requirement is "clear" and phrased in mandatory language, requiring the movant to "'be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case.'" *Id.* (quoting Tex. R. Civ. P. 166a cmt.). We held that State Farm's motion in that case was defective because it did not state the elements of the claims being challenged but instead, merely "attacked one of the Garcias' factual theories without specifying which elements the theory allegedly supported." *Id.*

Despite the plain language of Rule 166a(i) and our holding in *State Farm Lloyds*, Pope and A&G argue that a "fair notice" standard similar to that found in Texas Rule of Civil Procedure 45(b) and 47(a) should apply. Pope and A&G claim that as long as the motion defines the issues and provides the opposing party with adequate information for opposing the motion, the motion is adequate, even if it does not specify the elements of the cause of action challenged. In a footnote in *State Farm Lloyds*, we rejected this very argument, stating:

9

Generally, "Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex. 2000). In other words, even though the pleading is not precise, if the responding party understood the allegations or the court, on review, can decipher the allegations, the pleading provided "fair notice." *See id.*; *see, e.g., 1994 Land Fund II v. Ramur, Inc.*, No. 05-98-00074-CV, 2001 WL 92696, at *6 (Tex. App.–Dallas Feb. 05, 2001, no pet.) (not designated for publication) (reviewing factual assertions in no-evidence motion for summary judgment and assigning assertions to elements of non-movant's claims by applying "fair notice" standard).

However, Rule 166a(i) and the comments thereto make clear that, with respect to the elements of the non-movant's claims being challenged, the movant must do more than provide "fair notice"—the movant "must" state the specific elements for which there is no evidence. Tex. R. Civ. P. 166a(i) & cmt. Even though by applying a "fair notice" standard, this Court could make an educated guess as to the elements being challenged, we decline to do so because: (1) the rule is clear as to its requirements and uses the mandatory term "must," (2) it is relatively easy to state the elements of a claim for which there is no evidence, and (3) a proper motion shifts the burden to the non-movant to come forward with evidence. Applying a "fair notice" standard would place too great a burden on the non-movant and would be clearly contrary to the express language of Rule 166a(i). *See Holloway v. Tex. Elec. Utility Constr., Ltd.*, No. 12-07-00427-CV, 2009 WL 765304, at *5 (Tex. App.–Tyler Mar. 25, 2009, no pet. h.); *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 824 n.4 (Tex. App.–Fort Worth 2008, no pet.); *Mott v. Red's Safe & Lock Servs., Inc.*, 249 S.W.3d 90, 98 (Tex. App.–Houston [1st Dist.] 2007, no pet.); *Michael*, 41 S.W.3d at 751 n.3; *Callaghan Ranch Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.–San Antonio 2000, pet. denied).

*Id.* at 819 n. 5.

Pope and A&G rely on *Timpte Industries, Inc. v. Gish*, decided by the Texas Supreme Court after our decision in *State Farm Lloyds. See* 286 S.W.3d 306, 310-11 (Tex. 2009). In *Timpte,* the Texas Supreme Court reviewed the sufficiency of a no-evidence motion and concluded that it satisfied the requirements of Rule 166a(i). *Id.* In doing so, the court noted that the purpose of the specificity requirement in Rule 166a(i) is to allow

the nonmovant to respond to the motion and to define the issues for summary judgment. *Id.* The court noted that it had "analogized this purpose to that of the 'fair notice' pleading requirements of Rules 45(b) and 47(a)." *Id.* at 311.

The supreme court, however, did not state that a "fair notice" test replaces the specific requirement in Rule 166a(i) that the challenged elements be set out in the motion. *Id.* In fact, in *Timpte*, the motion set forth the elements of the claim being challenged—a design defect products liability claim—and then argued that the "'[p]laintiff has presented no evidence of a design defect which was a producing cause of his personal injury'" and that "'[t]here is no evidence of the product being defective or unreasonably dangerous, and there is no evidence the trailer was the proximate or producing cause of the Plaintiff's injuries.'" *Id.* The issue in the case was whether these statements were clear enough to require the plaintiff to produce evidence of a design defect that rendered the product unreasonably dangerous, or if it merely required the plaintiff to produce evidence of causation. *Id.* Thus, the "fair notice" language in the court's opinion related to construction of the movant's description of the elements of the claim challenged; it does not authorize us to ignore the plain language of rule 166a(i) when the motion does not set forth the elements of the claim challenged *at all. See id.* Accordingly, we hold that *Timpte* did not overrule our decision in *State Farm Lloyds,* which we now follow, and we treat A&G's arguments as traditional summary judgment grounds. *State Farm Lloyds,* 287 S.W.3d at 819 (citing *Michael v. Dyke*, 41 S.W.3d 746, 751-52 (Tex. App.–Corpus Christi 2001, pet. denied)). We sustain Pakideh and Alma's first issue.

## IV. TRADITIONAL MOTION FOR SUMMARY JUDGMENT

Next, Pakideh and Alma challenge the trial court's ruling on Pope and A&G's

11

traditional motion for summary judgment. As the summary judgment movants, Pope and A&G had the burden to either conclusively establish a defense to Pakideh and Alma's claims or conclusively negate at least one element of the claims. *Mason*, 143 S.W.3d at 798; *Grinnell*, 951 S.W.2d at 425; *Clear Creek Basin*, 589 S.W.2d at 678.

## A. Waiver

Initially, we must address a waiver issue raised by Pope and A&G. Pope and A&G argue that Pakideh and Alma's appellate brief relies on only one factual theory addressed by the summary judgment: that Pope and A&G failed to properly designate expert witnesses, causing Pakideh and Alma to settle the first lawsuit for more than they would have otherwise. Pope and A&G argue, therefore, that by failing to address the other factual theories challenged by the traditional motion for summary judgment, Pakideh and Alma have waived any error with respect to those theories, and we must affirm the trial court's summary judgment with respect to the unchallenged theories. We agree, in part.

It is well established that when a trial court grants summary judgment, but its order does not provide the trial court's reasoning, the appellant must negate all possible grounds for the ruling on appeal:

> When, as here, the trial court does not specify the basis of its ruling, it is the appellant's burden on appeal to show that each of the independent grounds asserted in support of summary judgment is insufficient to support the judgment. If the appellant does not challenge one of the grounds for summary judgment, the judgment may be affirmed on that ground alone.

*Humane Soc'y v. The Dallas Morning News L.P.*, 180 S.W.3d 921, 923 (Tex. App.–Dallas 2005, no pet.) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)); *see Tex. Workers' Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 648 (Tex. 2004); *see also Pisharodi v. Six*, No. 13-07-019-CV, 2008 WL 3521330, at *3 (Tex. App.–Corpus

Christi Aug. 7, 2008, no pet.) (mem. op.). In this case, Pakideh and Alma had the burden to negate all possible grounds for the trial court's ruling.

As noted above, the motion for summary judgment listed all the factual theories Pakideh and Alma alleged against Pope and A&G. The traditional motion for summary judgment then argued that "none of the plaintiffs' allegations are true or have merit."[2] In their appellate brief, Pakideh and Alma argue that Pope and A&G failed to meet their initial burden on the traditional motion for summary judgment because Pope's affidavit was defective in various respects. Pakideh and Alma specifically challenge statements in Pope's affidavit that dispute all of their factual theories, listed in the motion as the basis for Pakideh and Alma's claims, with the exception of the last two in the list: "Making false and misleading communications about their qualifications or services, including misrepresenting their qualifications and expertise to handle this matter" and "Engaging in dishonesty, fraud, deceit or misrepresentation." Pakideh and Alma do not address these factual theories anywhere in their brief. Thus, because Pakideh and Alma have failed to challenge the trial court's ruling on these factual theories, we must affirm the summary judgment in this regard. *Humane Soc'y*, 180 S.W.3d at 923.

## B.    Pope's Affidavit

Pakideh and Alma argue that Pope's affidavit, submitted in support of the traditional motion for summary judgment, was defective in various respects and did not sustain Pope and A&G's burden as the summary judgment movant. First, Pakideh and Alma point to conclusory statements by Pope, which they assert have no probative value. Second,

---

[2] While the traditional motion is vague and does not set forth the elements of the claim being attacked, Pakideh and Alma have not argued on appeal that the traditional motion was defective in this regard.

Pakideh and Alma argue that the remainder of the affidavit is either immaterial or suffers from other deficiencies.

### 1.   Conclusory Statements

Pakideh and Alma argue that the following statements in the ninth paragraph of Pope's affidavit were conclusory and are not entitled to any probative value:

- "A&G and I properly designated expert witnesses, properly prepared for trial, and did not force Pakideh and Alma to settle at all, much less for a sum of money more than they should have."[3]

- "A&G and I properly and fully advised Pakideh and Alma regarding their affirmative defenses, diligently represented them, did not fail to preserve their claims or rights, kept them fully informed, and fully and properly protected their interest."

- "A&G and I did not neglect the Underlying Case and properly and completely carried out all obligations owed to Pakideh and Alma."

- "A&G and I kept Pakideh and Alma fully informed about the status of the matter, promptly complied with reasonable requests for information, and explained all matters to Pakideh and Alma that were reasonably necessary to permit them to make informed decisions regarding their representation."

*See Mariner Health Care of Nashville, Inc. v. Robins*, No. 01-08-00830-CV, 2010 WL 2650558, at *8 (Tex. App.–Houston [1st Dist.] July 1, 2010, no pet.) ("Expert opinion testimony that is conclusory or speculative does not tend to make the existence of a material fact 'more probable or less probable,' and it is neither relevant nor competent.") (quoting *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.,* 136 S.W.3d 227, 232 (Tex. 2004)).   Pope and A&G counter that any objections to these statement were waived because Pakideh and Alma failed to obtain a ruling on their objections in the trial court.

---

[3] Pakideh and Alma further argue that this statement violated Texas Rule of Civil Procedure 166a(f), which requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *See* TEX. R. CIV. P. 166a(f).  Because of our holding, we need not address this argument.  TEX. R. APP. P. 47.4 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

14

We disagree.

"Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." *Id.* An objection to the substance, as opposed to the form, of an affidavit may be raised for the first time on appeal. *Ceballos v. El Paso Health Care Sys.*, 881 S.W.2d 439, 445 (Tex. App.–El Paso 1994, writ denied). "When the defect is one of substance, the opposing party need not point out the defect because the trial court is not required to give the party offering the affidavit an opportunity to amend." *Id.*

It is well established that an objection that an expert's affidavit is conclusory is a substantive defect that can be raised for the first time on appeal.[4] "'A conclusory statement is one that does not provide the underlying facts to support the conclusion.'" *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.–Dallas 2004, pet. denied) (quoting *Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 242 (Tex. App.–Waco 2003, no pet.)). An expert's conclusory statements are insufficient to support a summary judgment because they are not credible or susceptible to being readily controverted. *Franks v. Roades,* 310 S.W.3d 615, 623 (Tex. App.–Corpus Christi 2010, no pet.). "'An expert's opinion can defeat a claim as a matter of law, . . . [b]ut it is the basis of the witness's opinion, and not the witness's qualifications or his bare opinions alone, that can settle an issue as a matter of law. . . .'" *Id.* (quoting *Burrow v. Arce*, 997 S.W.2d 229, 235 (Tex. 1999)). In sum, an expert in a professional malpractice case cannot merely state his opinion and then

---

[4] *Franks v. Roades,* 310 S.W.3d 615, 623 n.4 (Tex. App.–Corpus Christi 2010, no pet.); *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.–Dallas 2004, pet. denied); *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex. App.–Houston [14th Dist.] 2003, pet. denied); *Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 241 (Tex. App.–Waco 2003, no pet.); *Cain v. Rust Indus. Cleaning Servs., Inc.*, 969 S.W.2d 464, 467 (Tex. App.–Texarkana 1998, pet. denied).

15

conclude that the standard of care has not been met. *Id.* Rather, the expert *must* state the basis for his opinions, and why he reached the conclusions, for those conclusions to have any probative force. *Id.*

Pope's statements are nothing more than categorical denials of the allegations in Pakideh and Alma's petition. Essentially, Pope's affidavit recited the allegations in Pakideh and Alma's petition, and then stated the allegations in the negative. For example, Pope states that he and A&G "properly" designated witnesses and "properly" prepared for trial. Pope does not provide the factual basis for these conclusions—he does not identify the deadline to designate witnesses in the case and the dates that he designated his witnesses, which would have substantiated his conclusion, nor does he state what actions he took to prepare for trial. *Id.* Pope's statement that he and A&G "did not neglect the Underlying Case and properly and completely carried out all obligations owed to Pakideh and Alma" suffers the same infirmity—it does not set forth the standard for judging an attorney's negligence or the facts that allowed Pope to conclude that his and A&G's conduct did not violate that standard. *Id.* at 624. We hold that the challenged statements were conclusory and without any probative value; therefore, Pope and A&G's traditional summary judgment was improper to the extent it was based on this evidence. *Id.*

## 2. Remaining Immaterial Statements

Pakideh and Alma argue that the remainder of the affidavit does not touch upon or contradict Pakideh and Alma's claims and, therefore, does not support the traditional summary judgment. We agree.

In cases of litigation malpractice, the disappointed plaintiff must prove that but for his lawyer's negligence in the prior suit, the suit would have been won, and the amount that

16

would have been collectable on the judgment that should have been obtained. *Ballesteros v. Jones*, 985 S.W.2d 485, 489 (Tex. App.–San Antonio 1998, pet. denied). "This is commonly referred to as the 'suit within a suit' requirement." *Id.* In this case, however, Pakideh and Alma were the defendants in the underlying case, and they do not allege that they would have won the suit but for Pope and A&G's defective representation; rather, they argue that Pope and A&G's actions increased the settlement value of the case. In cases such as this, "the real question is whether the value of the underlying lawsuit changed as a result of the alleged negligence." *See Stonewall Surplus Lines Ins. Co. v. Drabek*, 835 S.W.2d 708, 712 (Tex. App.–Corpus Christi 1992, writ denied) (en banc).

The first four numbered paragraphs of Pope's affidavit merely recite the factual background of the initial lawsuit against Pakideh and Alma. These paragraphs do nothing to undermine Pakideh and Alma's claims against Pope and A&G. The fifth, sixth, seventh, and eighth paragraphs state Pope's opinions about why Pakideh and Alma were likely to lose in a jury trial on liability. Finally, Pope claims that Pakideh and Alma would have been exposed to approximately $1,700,000 in actual damages, which Pope states is "15% of Alma's value of $11.8 million established by A. Ahadi's experts." He further states that Pakideh was facing a very large amount of prejudgment interest "since this matter had been pending for many years," and possible exposure for attorney's fees, punitive damages, and mental anguish damages. Thus, Pope concludes, "the settlement of $1.75 million was an excellent settlement and almost certainly substantially less than Pakideh and Alma would have been forced to pay had the case not been settled."

While Pope's averments tend to show that a jury would have found Pakideh and Alma were liable to Ahadi in the underlying case, the affidavit does nothing to show that

Pope's representation did not affect the extent of that liability or the settlement value of the case. *See id.* Accordingly, we hold that Pope and A&G did not sustain their summary judgment burden to negate an element of Pakideh and Alma's claims. Because Pope and A&G did not conclusively negate an element of the claims, the burden never shifted to Pakideh and Alma to raise a fact issue,[5] and the trial court erred in granting the traditional summary judgment. We sustain Pakideh and Alma's second issue and reverse the trial court's order granting summary judgment.

## V. CONCLUSION

For the foregoing reasons, we affirm, in part, and reverse and remand, in part. Because Pakideh and Alma did not challenge the summary judgment on their factual theories of false and misleading communications, dishonesty, fraud, deceit or misrepresentation, the summary judgment is affirmed as to those factual theories. However, in all other respects, the summary judgment is reversed, and the case is remanded for proceedings consistent with this opinion.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
30th day of September, 2010.

---

[5] For this reason, we need not address Pakideh and Alma's third issue. TEX. R. APP. P. 47.4.