**MERCANTILE VENTURES, INC., a Texas Corporation, Arturo E. Aguilar, and Mario Aguilar, Appellants,**

v.

**DUNKIN' DONUTS, INC., a Delaware Corporation, Park Han K. and Park Young S. d/b/a Dunkin' Donuts, Appellees.**

No. 08–93–00232–CV.

Court of Appeals of Texas, El Paso.

May 31, 1995.

Phillip C. Bowen, Johnson & Bowen, El Paso, TX, for appellants.

Larry W. Hicks, Hadley A. Huchton, Hicks & Associates, El Paso, Stephen Horn, Schmeltzer, Aptaker & Shepard, P.C., Washington, DC, for appellees.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

BARAJAS, Chief Justice.

This is a summary judgment case. Appellant, Mercantile Ventures, Inc., a franchisee of Appellee Dunkin' Donuts, Inc., sued Dunkin' Donuts, alleging breach of contract, violations of the Deceptive Trade Practices—Consumer Protection Act, and breach of the duty of good faith and fair dealing, among other actions.[1] Dunkin' Donuts counterclaimed seeking monetary damages, injunctive relief, and the enforcement of the assignment contained in the Lease Option Agreement. On May 28, 1993, the trial court granted summary judgment ordering Appellants to comply with the Lease Option Agreement and assign the premises to Dunkin' Donuts. In four points of error, Appellants challenge the entry of summary judgment. We reverse and remand for further proceedings.

## I. RELEVANT PROCEDURAL FACTS

In Point of Error No. Two, Appellants contend that Appellees failed to assert grounds for summary judgment in their summary judgment motion.

The entire substance of Dunkin' Donuts Motion For Summary Judgment on Count I of Its Counterclaim provided:

Plaintiff Dunkin' Donuts Incorporated hereby moves the court for an order of summary judgment on Count I of its counterclaim. In support of this motion, **Plaintiff relies upon the accompanying memorandum of law and statement of material facts as to which there is no genuine issue.**

Plaintiff also moves the Court to issue an order requiring Defendants Mercantile Ventures, Inc., Mario Aguilar, and Arturo Aguilar to surrender the premises of the now terminated franchise located at Interstate 10 and Yarbrough in El Paso, Texas to Dunkin' Donuts, as is required by the terms of the Lease Option Agreement entered into by the parties with respect to that franchise.

## II. DISCUSSION

 A summary judgment motion must contain the specific grounds on which summary judgment is sought. *McConnell v. Southside Indep. School Dist.*, 858 S.W.2d 337, 341 (Tex.1993); TEX.R.CIV.P. 166a(c). A separate brief containing the grounds for summary judgment is not sufficient to support summary judgment. *McConnell*, 858 S.W.2d at 341. A plain and simple reading of Appellees' motion for summary judgment on count I of its counterclaim demonstrates a total failure to assert **any** ground on which summary judgment can be sustained. *See id.* at 338 n. 1.

 Appellees suggest that Appellants have waived any defects in the summary judgment motion by failing to except to the motion in the trial court, as contemplated in *McConnell. See id.* at 342–43. We disagree, and find that the motion in the instant case falls into that category which cannot be sustained, even absent exceptions below, insofar as the movant has failed entirely to establish its right to summary judgment by failing to set forth a ground. *Id.* at 342. Appellants' Point of Error No. Two is sustained. Having sustained the second point of error renders it unnecessary for this Court to address Appellants' remaining points of error.

1. Other causes of action included an allegation that a covenant not to compete in the franchise agreement was unenforceable, invasion of privacy, intentional and negligent infliction of emotional distress, violation of the Texas antitrust laws, wrongful termination of contract, and abuse of process. Dunkin' Donuts counterclaimed for breach of contract and conspiracy to breach contract and sought damages, injunctive relief, and the enforcement of the assignment contained in the Lease Option Agreement.

We reverse the judgment of the trial court and remand the cause for further proceedings.