ACCEPTED
14-13-00794-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/3/2015 11:52:56 PM
CHRISTOPHER PRINE
CLERK

**NO. 14-13-00794-CV**
IN THE COURT OF APPEALS
FOR THE 14th DISTRICT OF TEXAS
AT HOUSTON

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
7/3/2015 11:52:56 PM
CHRISTOPHER A. PRINE
Clerk

**ROBERT PRIMO,**
*Appellant,*

*v.*

**SCOTT ROTHENBERG,**
*Appellee.*

On Appeal from the 133rd Judicial District Court, Harris County, Texas
The Honorable Jaclanel McFarland, Presiding
Trial Court Cause No. **2012-68391-A**

## APPELLANT'S MOTION FOR REHEARING

Robert M. Primo, D.D.S.
5023 Grape Street
Houston, Texas 77096
Telephone: (713) 669-8444
PRO SE APPELLANT

- 1 -

# INDEX OF AUTHORITIES

**Cases** **Page**

*Abraham v. Ryland Mortg. Co.,*
  995 S.W.2d 890 (Tex.App.—El Paso 1999) .............................................6

*Callaghan Ranch, Ltd. v. Killam,*
  53 S.W.3d 1 (Tex.App.—San Antonio 2000) ...........................................5

*Freedom Communications, Inc. v. Brand,*
  907 S.W.2d 614 (Tex.Ap-Corpus Christi 1995).......................................6

*McConnell v. Southside Ind. Sch. Dist.*
  *,* 858 S.W.2d 337, 342 (Tex.1993) .........................................................9

*McConnell v. Southside Ind. Sch. Dist.,*
  858 S.W.2d 337 (Tex.1993) ....................................................................5

*Mercantile Ventures, Inc. v. Dunkin' Donuts, Inc.,*
  902 S.W.2d 49 (Tex.App.—El Paso 1995) ..............................................6

*Weaver v. Highlands Ins. Co.,*
  4 S.W.3d 826 (Tex.App.—Houston [1st Dist.] 1999) .............................6

**Page**

**Rules**

Tex.R.App.P. 33.1.(a)(1) .........................................................................3

Tex.R.App.P. 9.5 ...................................................................................10

Tex.R.Civ.P. 166a(i).................................................................................6

Tex.R.Civ.P. 166a(i) cmt.......................................................................6, 8

**TO THE HONORABLE FOURTEENTH COURT OF APPEALS:**

This Court's June 18, 2015, affirming the trial court's granting of no-evidence summary judgment is a gross miscarriage of justice. In its prior opinions this Court affirmed based on erroneous facts – that Appellant failed to object timely to Rothenberg's boilerplate evidentiary objections. That is simply not true and the Clerk's Record and Appellant's Brief clearly show that.

It is undisputed that Appellant filed a timely response on May 6, 2013, seven days before the May 13, 2013, summary judgment hearing. (C.R. 320-338). The Response contained attached 10 (ten) numbered exhibits.[1] (C.R. 339-743; S.C.R. 4-116). Rothenberg filed a reply with evidentiary objections late on Friday night, May 10, 2013, at 4:32 pm. (C.R. 774). Appellant filed a sur-response at the first possible opportunity to file – at 9:07 am the very next business day – Monday, May 13, 2013. (C.R. 789). Thus, the sur-response containing the objections/responses to Rothenberg's evidentiary objections was **TIMELY** and error was preserved for appeal exactly in compliance with Tex.R.App.P. 33.1.(a)(1) as the record precisely shows that Appellant

---

[1] Exhibits 1-8 are consecutively numbered. (C.R. 339-743; S.C.R. 4-95). Exhibit X, Affidavit of Dr. Robert Primo, is numbered with a Roman numeral X. (S.C.R. 96-109) followed by Exhibit 11 (S.C.R. 110-116).

timely complained at length and addressed in his sur-response before the trial court in detail each and every boiler-plate objection raised by Rothenberg no matter how preposterous and baseless such objection may be. (C.R. 798-802). The evidentiary response/objections spanned 14 paragraphs ¶¶27-41. (C.R. 798-802). The same evidentiary objections and arguments were briefed in tantamount detail and specificity in Appellant's Brief, pp. 44-45; 50-55.

By holding that Appellant was required to continue objecting to the trial court summary judgment again and again in post-judgment motion(s) would create an entirely new rule for summary judgment practice which does not currently exist in Texas jurisprudence and is not supported by the authorities cited *supra*. This is especially true in no-evidence summary judgments. There is good reason Texas refused to incorporate them in the Texas Rules of Civil Procedure for nearly a century and finally did so only to conform to the Federal Rules of Civil Procedure. Abuse of such practice, as in the present case denies a litigant her day in court by trial to a jury, especially in a legal malpractice case. Deprival of the constitutional right to a trial by jury has been the theme of all of the related malpractice cases.

To start with Rothenberg's no-evidence MSJ does not reach the evidentiary level. It was legally insufficient and not worthy of a response.

Appellant objected at length to the legal insufficiency relying on an entire excerpt from *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1 (Tex.App.—San Antonio 2000). (C.R. 795 ¶25): A no-evidence motion for summary judgment "must state the elements as to which there is no evidence." See Tex.R.Civ.P. 166a(i). The comments to rule 166a(i), which are "intended to inform the construction and application of the rule," state: "The motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." See Tex.R.Civ.P. 166a(i) cmt. If a no-evidence motion for summary judgment is not specific in challenging a particular element or is conclusory, the motion is legally insufficient as a matter of law and may be challenged for the first time on appeal. *See McConnell v. Southside Ind. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex.1993) (motion that fails to present grounds is legally insufficient as a matter of law); *Freedom Communications, Inc. v. Brand*, 907 S.W.2d 614, 618

(Tex.App.—Corpus Christi 1995); *Mercantile Ventures, Inc. v. Dunkin' Donuts, Inc.*, 902 S.W.2d 49 (Tex.App.— -El Paso 1995) (defect in motion not waived by failure to except); see generally TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS: PRACTICE, PROCEDURE AND REVIEW §5.06[5][a][ii] (2d ed. Supp.2000) (conclusory no-evidence motion or one that generally challenges sufficiency of non-movant's case is fundamentally defective and insufficient to support summary judgment ***regardless of lack of response***) [emphasis added]. See also *Weaver v. Highlands Ins. Co.,* 4 S.W.3d 826, 829 n.2 (Tex.App. -Houston [1st Dist.] 1999); *Abraham v. Ryland Mortg. Co.,* 995 S.W.2d 890, 892 (Tex.App.—El Paso 1999). This Court's holding is contrary to the established law and creates a new line of *stare decisis* that if just a few of the 72 numbered "items" happen to remotely match up to some element of the non-movant's causes of action, then the entire motion is legally sufficient. That is simply not the law. 72 numbered "items" definitively categorize Rothenberg's MSJ as a "general no-evidence challenge" which is expressly prohibited by the Supreme Court of Texas. See Tex.R.Civ.P. 166a(i) cmt; *McConnell v. South. Dist.,* 858 S.W.2d 337, 342 (Tex.1993).

This Court issued several exceptionally lengthy opinions, each more than 15,000 words and 49 pages. This Court mischaracterized the underlying case as simply one of a fee dispute. This Court misquoted Appellant's pleading in the trial court as "legal malpractice and related torts". Actually, Appellant voluntarily dismissed claims of legal malpractice, (C.R. 20-37), not because of lack of merit of a negligence on the part of Rothenberg but because Rothenberg is judgment-proof and continuing with the prohibitive cost of a suit-within-the-suit against a party like Rothenberg who repeatedly complains that he is indigent and cannot pay his monthly bills related to his virtually non-existent practice of law. Rothenberg has no insurance policy for legal malpractice to protect his clients in the event of his own negligence or breach of fiduciary duty.

Appellant's first amended answer and counterclaim however adequately pleads the cause of action of fraud and breach of fiduciary duty. (C.R. 25). Yet nowhere in any of the multiple opinions by this Court did this Court even mention the gravamen of Appellant's allegations against Rothenberg: that he took on a case with almost no trial experience which inevitably resulted in major error: Rothenberg's

failure to disclose key witnesses the lawyers who performed the work for a case of over half a million dollars in legal fees and Rothenberg showed up for trial without a single fact witness on the issue of reasonableness and necessity of legal fees of a case well over half a million dollars. Then Rothenberg refused to disclose his error to his own client but Rothenberg, immediately upon discovering his error, in the midst of a psychedelic hysterical fit, covered up his error by trying to effect an immediate settlement, still not disclosing to his client that trial would be gravely compromised by his error because the key witnesses would be precluded from testifying. That is an allegation well beyond just mere negligence – it is breach of fiduciary duty.

This Court must not forget that Rothenberg blatantly falsified under oath (a felony criminal offense) the most material document in the controversy trying to misrepresent the facts that he was somehow instructed to omit the witnesses.

This Court, in its latest opinion, affirmed Rothenberg's no-evidence motion for summary judgment, solely on the basis that Appellant inadequately briefed how Appellant's summary judgment evidence raised genuine issue of material fact. This Court stated:

Primo's brief does not explain how his summary judgment evidence raises a genuine issue of material fact with respect to the 19 elements Rothenberg challenged in his no-evidence summary judgment motion. Thus, Primo's issue presents nothing for our review. Opinion at 30.

However, as this Court cited, the standard of review for this Court is to review summary judgment *de novo*. *Duerr v. Brown*, 262 S.W.3d 63, 68 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). De novo means reviewing the evidence that was presented in the trial court. Appellant properly included that evidence in the record. Transcript of the Indemnity Suit trial (C.R. 339-743;). Affidavit of the expert Leonard Meyer. (S1.C.R 4-21); Leonard Meyer's Expert Report (S1.C.R 22-35); Correspondence between Appellant and Rothenberg. (S1.C.R 36-42; 43-61); Appellant's affidavit (S1.C.R 96-109); Appellant's discovery responses. (S1.C.R 62-70; 71-95). Thus, there was a wealth of evidence for this Court to review *de novo*.

The affidavit of Appellant is one of facts self-explanatory of the allegation of breach of fiduciary duty of Rothenberg. (S1.C.R 96-109). The expert report by Leonard Meyer and his affidavit however are

evidence of expert opinion and of the standard of care and how Rothenberg failed to meet the standard of care. (S1.C.R 4-21; S1.C.R 22-35);

Unlike a traditional motion for summary judgment, a no-evidence motion for summary judgment, does not require that respondent conclusively argue and prove his case for which the respondent bears the burden to prove at trial, but that respondent.

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson,* 249 S.W.3d 425, 426 (Tex.2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex.2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex.2009) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006)). The trial

court may not grant a no-evidence summary judgment if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. See TEX.R. CIV. P. 166a(i); See *Jim Rutherford Investments, Inc. v. Terramar Beach Community Ass'n*, 25 S.W.3d 845 (Tex.App.-Houston [14 Dist.] 2000) (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997)). To defeat a motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements. Tex.R.Civ.P. 166a(i) cmt. The amount of evidence required to defeat a no-evidence motion for summary judgment parallels the standard for directed verdict and for a no-evidence challenge on appeal from jury trials. Thus, if the respondent brings forth more than a scintilla of evidence, that will be sufficient to defeat a no evidence motion for summary judgment. *Morgan v. Anthony*, 27 S.W.3d 928 (Tex. 2000); *Nicholson v. Smith*, 986 S.W.2d 54 (Tex.App.-San Antonio 1999); *Isbell v. Ryan*, 983 S.W.2d 335 (Tex.App.-Houston [14th Dist.] 1998). A no-evidence summary judgment is improperly granted when the respondent brings forth more than a scintilla of probative evidence that raises a genuine issue of material

fact. See Tex.R.Civ.P. 166a(i) cmt.; *Coastal Conduit & Ditching, Inc. v. Noram Energy Corp.*, 29 S.W.3d 282 (Tex.App.- Houston [14th Dist.] 2000); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex.2002). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61 (Tex.1983). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 711 (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995)).

Neither in the trial court nor in the court of appeals is the quality of respondent's argument the standard of review but the respondetn's evidence and whether that evidence supports the respondents pleadings.

There was no complete absence of evidence to support Appellant's allegations against Rothenberg. The only evidence presented to the trial court was Appellant's evidence and the trial court was not barred by the rules of law or evidence of giving weight to it. The evidence pof Rothenberg's fraud and breach of fiduciary duty was well more than a

mere scintilla. Rothenberg presented no evidence to establish the opposite of the vital fact. In fact Rothenberg may not and did not present evidence in a no-evidence motion for summary judgment.

By affirming the no-evidence summary judgment, clearly in the presence of overwhelming evidence, absent any defect in such evidence, of Rothenberg's fraud and breach of fiduciary duty, this Court again sets a brand new standard that no-evidence motion for summary judgment must be argued rather than the evidence presented in response to a no-evidence motion for summary judgment. As in the trial court, this Court also failed to indulge Appellant, as the non-movant, any, a fortiori, *every* reasonable inference and resolving any doubts against the motion.

## PRAYER

Appellant respectfully requests that this Court reconsider its latest opinion and reverse the trial court's no-evidence summary judgment as to Rothenberg's blatant fraud and breach of fiduciary duty, both as affirmative claims and affirmative defenses and remand the case to the trial court for further proceeding, and award all costs of this appeal to Appellant.

Respectfully submitted,

_/s/ Robert M. Primo_
**APPELLANT**

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of July, 2015, a true and correct copy of the foregoing **Appellant's Motion for Rehearing** has been served to Scott Rothenberg in compliance with Tex.R.App.P. 9.5.

*/s/ Robert M. Primo*

**Robert M. Primo**

**Scott Rothenberg**
Texas Bar No. 17316750
2777 Allen Parkway, Suite 1000
Houston, Texas 77019-2165
Telephone: (713) 667-5300
Telecopy:   (713) 667-0052
**PRO SE APPELLEE**