CALLAGHAN RANCH,
LTD., Appellant,

v.

Radcliffe KILLAM, Sue Spivey Killam,
and Webb County, Appellees.

No. 04–99–00838–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 6, 2000.

Rehearing Overruled June 5, 2001.

Ellen B. Mitchell, Law Office of Ellen B. Mitchell, P.C., San Antonio, John E. Mann, Emilio "Chito" Davila, Jr., Shirley Hale Mathis, Law Offices of Shirley Hale Mathis, Laredo, for Appellant.

Homero Ramirez, Webb County Atty., Michael Bukiewicz, Asst. County Atty., Laredo, Eddie Vassallo, Charles A. Salazar, Law Offices of Eddie Vassallo, P.C., Dallas, for Appellee.

William D. Wood, Graig J. Alvarez, Fulbright & Jaworski, L.L.P., Houston, for Mobil Producing Texas & New Mexico Inc.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

STONE, Justice.

Callaghan Ranch, Ltd. ("Callaghan Ranch") appeals a no-evidence summary judgment granted in favor of appellees, Radcliffe Killam, Sue Spivey Killam, and Webb County. Callaghan Ranch presents five issues in its brief. Based on our resolution of Callaghan Ranch's first issue, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

### PROCEDURAL BACKGROUND

On July 30, 1999, the appellees filed a motion for summary judgment and, alternatively, motion for no-evidence summary judgment. On August 13, 1999, Callaghan Ranch timely filed a response to the motion which also contained objections to the evidence appellees presented in support of their motion. On August 16, 1999, Callaghan Ranch filed additional special exceptions and objections to the motion. On August 25, 1999, the day of the summary judgment hearing, the appellees filed a reply to Callaghan Ranch's response. Callaghan Ranch objected to the court's consideration of the reply because it was untimely filed. At the hearing, the following exchange occurred regarding the timeliness of the reply:

MR. MANN: Is there a response that they filed today? It that stricken? This is not going to be considered here?

THE COURT: If I get to—I'm going to let you-all brief that, your O'Connell case, and the question is: Is there a three day rule on that?

MR. VASSALLO: Your Honor, that page that they're using in the O'Connells [sic] rule book is a reference to a no evidence motion for summary judgment, we do indeed have two types of motions for summary judgment on file today and the reply is in it for the traditional motion for summary judgment and there is no time limit and there's no time frame reference.

THE COURT: Well, I'm going to go to the no evidence one first and so therefore, it would be moot if it's ruled upon.

The trial court took the motion under advisement and entered a final summary judgment on August 26, 1999. Callaghan Ranch timely filed a motion for new trial. The trial court subsequently entered an amended final summary judgment on November 22, 1999. The amended judgment recites:

Came on to be considered Radcliffe Killam and wife, Sue Spivey Killam's and Webb County's No Evidence Motion for Summary Judgment. The parties having received due notice required under the Texas Rules of Civil Procedure, the Court proceeded to hear the No Evidence Motion for Summary judgment.... The Court, considering the argument of counsel and the pleadings and evidence contained in the No Evidence Motion for Summary Judgment, determined that the No Evidence Motion for

Summary Judgment should in all things be granted against World Energy Corporation and Callaghan Ranch, Ltd.

Callaghan Ranch timely filed this appeal.

## DISCUSSION

In its first issue, Callaghan Ranch contends the no-evidence motion for summary judgment was fundamentally defective because it failed to specify what elements of Callaghan Ranch's causes of action the appellees contended were not supported by any evidence. The appellees respond that Callaghan Ranch waived any defect by failing to object to the lack of specificity. In the alternative, the appellees counter that the motion was sufficiently specific.

■ A no-evidence motion for summary judgment "must state the elements as to which there is no evidence." *See* TEX.R. CIV. P. 166a(i). The comments to rule 166a(i), which are "intended to inform the construction and application of the rule," state: "The motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." *See* TEX.R. CIV. P. 166a(i) cmt. If a no-evidence motion for summary judgment is not specific in challenging a particular element or is conclusory, the motion is legally insufficient as a matter of law and may be challenged for the first time on appeal. *See McConnell v. Southside Ind. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex.1993) (motion that fails to present grounds is legally insufficient as a matter of law); *Freedom Communications, Inc. v. Brand*, 907 S.W.2d 614, 618 (Tex.App.—Corpus Christi 1995, no writ) (motion that fails to present grounds is legally insufficient as a matter of law); *Mercantile Ventures, Inc. v. Dunkin' Donuts, Inc.*, 902 S.W.2d 49, 50 (Tex.App.—El Paso 1995, no

writ) (defect in motion not waived by failure to except); *see generally* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS: PRACTICE, PROCEDURE AND REVIEW § 5.06[5][a][ii] (2d ed. Supp.2000) (conclusory no-evidence motion or one that generally challenges sufficiency of non-movant's case is fundamentally defective and insufficient to support summary judgment regardless of lack of response); *but see Walton v. City of Midland*, 24 S.W.3d 853, 857–58 (Tex. App.—El Paso 2000, no pet.) (summarily stating that objection is necessary to preserve complaint that motion did not meet requirements of rule 166a(i)); *Williams v.. Bank One, Texas, N.A.*, 15 S.W.3d 110, 117 (Tex.App.—Waco 1999, no pet.) (summarily concluding objection necessary to preserve complaint as to specificity); *Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190, 194–95 (Tex.App.—Amarillo 1999, pet. denied) (finding motion sufficiently specific and stating complaint would have been waived as alternative holding). Rule 166a(i) and its comment expressly prohibit conclusory motions and general no evidence challenges. The appellees should not be permitted to prevail on a motion that violates the express prohibition of the rule, regardless of whether Callaghan Ranch properly objected or excepted to the motion. Because the appellees' motion was not sufficiently specific, the motion cannot support the trial court's judgment, and Callaghan Ranch was entitled to raise this challenge for the first time on appeal.

■ The appellees' motion stated: "The Killams are entitled to summary judgment because the Plaintiffs cannot by pleading, deposition, answers to interrogatories or other admissible evidence demonstrate there is any evidence to support the declaratory judgment seeking to declare the road in question a public thoroughfare." The motion then generally challenges Callaghan Ranch's factual alle-

gations. The motion fails to state the elements of Callaghan Ranch's causes of action as to which there is no evidence; therefore, it is legally insufficient as a matter of law. *See Weaver v. Highlands Ins. Co.*, 4 S.W.3d 826, 829 n. 2 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Abraham v. Ryland Mortg. Co.*, 995 S.W.2d 890, 892 (Tex.App.—El Paso 1999, no pet.); *see generally* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS: PRACTICE, PROCEDURE AND REVIEW § 5.06[5][a][ii] (2d ed. Supp.2000). The appellees alternatively contend that the motion was sufficient because it gave Callaghan Ranch fair notice. No "fair notice" exception to the specificity requirement exists in rule 166a(i) or the comment informing its construction, and we decline to read such an exception into the rule.

Although the appellees' motion failed to challenge a specific element, the appellees' reply, that was filed on the day of the hearing, does contain a specific challenge. The reply lists the elements of implied dedication and states, "There is at least one element which Callaghan cannot satisfy.... The County's actions expressly indicate there was no acceptance of any implied dedication by the Killam interests."

■ Although the reply contains a challenge to a specific element, the appellees' ability to use its reply to provide the requisite specificity is procedurally troubling. First, the appellees represented to the trial court at the summary judgment hearing that the reply "is in it for the traditional motion for summary judgment." Therefore, the appellees represented to the court that the reply should not be taken into consideration in ruling on the no-evidence motion for summary judgment. The trial court accepted this statement, concluding that the objection to the timeliness of the reply would be rendered moot if it granted the no-evidence motion for sum-

mary judgment, and the trial court's judgment does not recite that it took the reply into consideration. Another procedural problem with allowing the specificity to be satisfied by the appellees' reply is it would allow a movant to avoid complying with the specificity requirement until the day of the summary judgment hearing. *See* JUSTICE MICHOL O'CONNOR, O'CONNOR'S TEXAS RULES: CIVIL TRIALS 2000 § 6.1 (2000) (noting that rule 166a does not contain a deadline for a movant to file a reply to a non-movant's response). Furthermore, allowing the reply to provide the requisite specificity would appear to be in violation of the Texas Supreme Court's insistence that a motion for summary judgment must "stand or fall on the grounds expressly presented in the motion." *See McConnell*, 858 S.W.2d at 341; *see also Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 2000 WL 675127, at *5 (Tex.App.—Houston [14th Dist.] May 25, 2000, no pet. h.) (challenge must be presented in motion).

■ Even assuming the trial court could properly consider the specific challenge raised in the reply, summary judgment would have been improper. The reply challenged the fourth element of a claim for implied dedication. That is, whether there was an offer and acceptance of the dedication. *See Gutierrez v. County of Zapata*, 951 S.W.2d 831, 839 (Tex. App.—San Antonio 1997, no writ). Callaghan Ranch provided summary judgment evidence that the road at issue had routinely been used by the public. "[P]ublic use of land is not only evidence of the intention of the owner to dedicate the land to public use, it also constitutes strong evidence of the acceptance of a tendered dedication." *See Gutierrez*, 951 S.W.2d at 841; *see also Scott v. Cannon*, 959 S.W.2d 712, 719 (Tex.App.—Austin 1998, pet. denied) (finding *Gutierrez* instructive in its analysis of the elements of implied dedica-

tion). "Acceptance does not require a formal or express act." *Id.* "By general and customary use, the public can accept the dedication." *Id.* Assuming the reply satisfied the specificity requirement, the trial court erred in granting the no-evidence motion for summary judgment because Callaghan Ranch presented evidence in support of the element of acceptance.

### CONCLUSION

The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.[1]

---

**1.** We decline the appellees' request that we determine the merits of the appellees' traditional motion for summary judgment. Although we recognize that we are permitted to consider grounds that a movant preserves for review that are not ruled on by the trial court, we do not believe that addressing the traditional motion for summary judgment in this case would be in the interest of judicial economy. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996) (providing that appellate courts may consider other grounds that a movant preserved for review and trial court did not rule on in the interest of judicial economy).