OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



November 5, 2002

Ms. Michele L. Henricks
Executive Director
Court Reporters Certification Board
P. O. Box 13131
Austin, Texas 78711-3131

Opinion No. JC-0573

Re: Whether any action is required of the Court Reporters Certification Board in the implementation of section 57.021(d) of the Government Code (RQ-0553-JC)

Dear Ms. Henricks:

Section 57.021(d) of the Government Code authorizes the Texas Commission for the Deaf and Hard of Hearing (the "Commission") to "maintain a list of persons certified by the Court Reporters Certification Board as specialists in real-time captioning." TEX. GOV'T CODE ANN. § 57.021(d) (Vernon Supp. 2002). The Court Reporters Certification Board (the "Board") is not authorized to certify specialists in real-time captioning by section 57.021 or another provision. On behalf of the Board, you ask whether section 57.021(d) requires the Board to take any action.[1] Because section 57.021 is insufficient to confer certification authority on the Board, we conclude in the negative.

A specialist in real-time captioning transcribes spoken words of a court proceeding to simultaneously project the words on a screen for the benefit of hearing-impaired individuals involved in the proceedings. See TEX. GOV'T CODE ANN. §§ 57.001(6), .002(a) (Vernon Supp. 2002). Section 57.021(d) of the Government Code suggests or assumes that the Board certifies specialists in real-time captioning.

However, a specialist in real-time captioning is not a court reporter that the Board is authorized to recommend for certification under chapter 52 of the Government Code. Chapter 52 of the Government Code establishes the Board, which is appointed by the Texas Supreme Court. See TEX. GOV'T CODE ANN. §§ 52.002, .011 (Vernon Supp. 2002). The Board is directed to administer examinations for certification of persons as court reporters — persons who engage in shorthand reporting — and to register court reporting firms. See id. §§ 52.011, .013. Shorthand or court reporting is "the practice of shorthand reporting for use in litigation . . . by making a verbatim record of an oral court proceeding, [or] deposition . . . using written symbols in shorthand, machine shorthand, or oral stenography." Id. § 52.001(5). A person may not be appointed an official court

---

[1]Letter from Michele L. Henricks, Executive Director, Court Reporters Certification Board, to Honorable John Cornyn, Texas Attorney General (May 16, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

reporter or deputy court reporter or engage in shorthand reporting unless the person is certified as a shorthand reporter by the Texas Supreme Court. *See id.* § 52.021(a)-(b), (e). Persons are certified as shorthand reporters by the court after the Board "certifies" to the court the "name of each qualified applicant who has passed the examination" in shorthand reporting administered by the Board. *See id.* § 52.024(a) (Vernon 1998). Chapter 52 does not authorize the Board to certify court reporters who are specialists in real-time captioning or even mention such a speciality.

Nor does chapter 57 of the Government Code authorize the Board to certify specialists in real-time captioning. Subchapter A of chapter 57 requires a court, upon the request of a party or witness, to appoint a *certified* court interpreter — a person qualified to interpret court proceedings for hearing-impaired individuals — or a *licensed* court interpreter, a person qualified to interpret proceedings for an individual who can hear, but who cannot comprehend or communicate in English. *See id.* § 57.001(1), (5) (Vernon Supp. 2002); *id.* § 57.002(a). Subchapters B and C provide for the certification and licensing of court interpreters. Subchapter C requires the Texas Department of Licensing and Regulation (the "Department") to test and license court interpreters to interpret for individuals who can hear, but who cannot comprehend English or communicate in English. *See id.* §§ 57.043, .046. And subchapter B requires the Texas Commission for the Deaf and Hard of Hearing to test and certify persons to interpret court proceedings for hearing-impaired individuals. *See id.* §§ 57.021-.023. Subchapter B also includes the provision at issue, which merely permits the Commission to maintain a list of certified specialists in real-time captioning: "The [C]ommission may maintain a list of persons *certified by the Court Reporters Certification Board as specialists in real-time captioning* and, on request, may send the list to a person or court." *Id.* § 57.021(d) (emphasis added). "Real-time captioning" is "transcribing the spoken words of an oral proceeding to simultaneously project the words on a screen." *Id.* § 57.001(6). Chapter 57 contains no other provisions dealing with certification of specialists in real-time captioning.

We do not believe that section 57.021(d) requires the Board to take any action. Initially, we note that section 57.021(d) permits, but does not require, the maintenance or provision of a list of certified specialists in real-time captioning. Additionally, it pertains to the authority of the Commission, not the Board. Thus, the only action that could be required of the Board is certification of the specialists. However, a state administrative agency has only those powers expressly conferred upon it by statute or those implied powers that are reasonably necessary to carry out its express statutory responsibilities. *See Pub. Util. Comm'n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 315 (Tex. 2001). Neither chapter 52 or 57, including section 57.021(d), of the Government Code expressly authorize the Board to certify specialists in real-time captioning. Nor do we believe that power may be implied from section 57.021(d)'s authorization to maintain a list of specialists in real-time captioning and assumption that the Board certifies these specialists. It is unnecessary to carry out express statutory responsibility of the Board imposed elsewhere. Additionally, as apparent from the provisions of chapters 52 and 57 considered here, when the legislature has granted licensing or certifying authority, it has done so expressly and specifically. *See e.g.*, TEX. GOV'T CODE ANN. § 52.013 (Vernon Supp. 2002) (Board); *id.* § 57.021 (Commission); *id.* § 57.047 (Department). Finally, several opinions of this office have concluded that a state agency may not establish and regulate occupational or professional categories in the absence of express legislative authority to do so. *See* Tex. Att'y Gen. Op. No. JC-0020 (1999) at 4-5 (concluding that chapter 366 of the Health

and Safety Code does not expressly or impliedly authorize the Texas Natural Resource Conservation Commission to certify site evaluators).[2] In short, section 57.021 is insufficient to confer on the Board the authority to certify specialists in real-time captioning.

## S U M M A R Y

Section 57.021(d) of the Government Code, which authorizes the Texas Commission for the Deaf and Hard of Hearing to "maintain a list of persons certified by the Court Reporters Certification Board as specialists in real-time captioning," does not require the Court Reporters Certification Board to take any action. This provision is insufficient to confer on the Board the authority to certify specialists in real-time captioning. TEX. GOV'T CODE ANN. § 57.021(d) (Vernon Supp. 2002). No other provision of law confers such certification authority on the Board.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee

---

[2]*See also* Tex. Att'y Gen. Op. Nos. MW-320 (1981) (determining that Commission on Fire Protection lacked authority to establish certification requirements for additional specialty such as fire inspectors); MW-2 (1979) (determining that Board of Nurse Examiners could not regulate the specialty practice of advance nurse practitioners); H-870 (1976) (determining that Texas Commission on Alcoholism had no authority to certify alcoholism counselors).