

OFFICE *of the* ATTORNEY GENERAL

GREG ABBOTT

February 19, 2003

Mr. Thomas A. Davis, Jr., Director
Texas Department of Public Safety
5805 North Lamar Boulevard
P.O. Box 4087
Austin, Texas 78773-0001

Opinion No. GA-0022

Re: Whether the Department of Public Safety is authorized to inspect a rebuilt vehicle for which a Texas Salvage Certificate has been issued before the Department of Transportation issues a regular certificate of title for the vehicle (RQ-0588-JC)

Dear Mr. Davis:

You ask about the authority of the Department of Public Safety ("DPS") to inspect a rebuilt vehicle with a "Texas Salvage Certificate" before the Department of Transportation ("TxDOT") issues a new, regular certificate of title for the vehicle.[1]

Under chapter 501 of the Transportation Code, the Certificate of Title Act, the owner of a motor vehicle may not operate the vehicle on a public highway unless the owner has obtained a certificate of title for the vehicle. *See* TEX. TRANSP. CODE ANN. §§ 501.021, 501.022 (Vernon Supp. 2003). Your question involves subchapter E of that chapter, which establishes special certificate-of-title requirements for certain damaged vehicles and provides that a vehicle that has been rebuilt may be issued a new, regular certificate of title only if the vehicle has been inspected by DPS. *See id.* §§ 501.0911-.0931 (Vernon 1999 & Supp. 2003).

More specifically, an insurance company or other person who acquires a vehicle must surrender the certificate of title to TxDOT and obtain from TxDOT either a nonrepairable motor vehicle certificate of title or a salvage motor vehicle certificate of title. *See id.* §§ 501.0912, 501.0915, 501.0916, 501.0918. A vehicle with either of these certificates of title may not be operated on a public highway. *See id.* §§ 501.0921(b), 501.0925(2) (Vernon 1999). A vehicle that has been issued either of these certificates of title and that has been rebuilt may be issued a new, regular certificate of title only if the owner of the vehicle submits an application to TxDOT that includes a statement from a DPS officer who has inspected the vehicle. *See id.* §§ 501.0922, 501.0927. The new certificate of title must "(1) bear on its face the words 'REBUILT SALVAGE'" and "(2) describe or disclose the vehicle's former condition in a manner understandable to a potential

[1]*See* Letter from Thomas A. Davis, Jr., Director, Texas Department of Public Safety, to Honorable John Cornyn, Texas Attorney General (Aug. 13, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

purchaser of the vehicle." *Id.* §§ 501.0923(b), 501.0927(c) ("On receipt of a complete application under this section, accompanied by the appropriate fee for the certificate of title, the department shall issue the applicant a certificate of title for the vehicle that conforms to Section 501.0923(b).").

These two special certificates of title must be obtained only for certain damaged vehicles. The nonrepairable motor vehicle certificate of title must be obtained for a "[n]onrepairable motor vehicle," *see id.* §§ 501.0912, 501.0916, 501.0918 (Vernon 1999 & Supp. 2003), which is expressly defined as

> a late model motor vehicle that is damaged or missing a major component part to the extent that the *total estimated cost of repairs* to rebuild or reconstruct the vehicle, including parts and labor other than the costs of materials and labor for repainting the vehicle and excluding sales taxes on the total cost of the repairs, and excluding the cost of repairs to repair hail damage, *is equal to or greater than an amount equal to 95 percent of the actual cash value of the vehicle* in its predamaged condition.

*Id.* § 501.0911(a)(8) (Vernon 1999) (emphasis added). A salvage motor vehicle certificate of title must be obtained for a "[l]ate model salvage motor vehicle" (or "salvage motor vehicle"), *see id.* §§ 501.0912, 501.0916, 501.0918, which is expressly defined as

> a late model motor vehicle, other than a late model vehicle that is a nonrepairable motor vehicle, that is damaged to the extent that the *total estimated cost of repairs*, other than repairs related to hail damage but including parts and labor, *is equal to or greater than an amount equal to 75 percent of the actual cash value of the vehicle* in its predamaged condition.

*Id.* § 501.0911(a)(6) (emphasis added). A "[l]ate model motor vehicle" means "a motor vehicle with the same model year as the current calendar year or one of the five calendar years preceding that calendar year." *Id.* § 501.0911(a)(5); *see also id.* § 501.0913 (an insurance company or other person who acquires a damaged vehicle that is not a salvage motor vehicle or nonrepairable motor vehicle may voluntarily obtain from TxDOT either a nonrepairable motor vehicle certificate of title or a salvage motor vehicle certificate of title).

As you point out, subchapter E provides for nonrepairable motor vehicle certificates of title and salvage motor vehicle certificates of title, and it requires DPS inspection of vehicles with nonrepairable motor vehicle certificates of title and salvage motor vehicle certificates of title before such a vehicle may be issued a regular certificate of title. *See id.* §§ 501.0922, 501.0927. TxDOT by rule, however, has provided for a third type of title for a damaged vehicle, a "Texas Salvage Certificate." *See* 43 TEX. ADMIN. CODE § 17.8(b)(1)(C), (2)(C) (2002). Apparently, TxDOT issues Texas Salvage Certificates for vehicles that have sustained "damage that is determined to be less than 75% of the value." Request Letter, *supra* note 1, at 2. We assume that TxDOT does not issue Texas Salvage Certificates to vehicles that fall within the definition of "nonrepairable motor vehicle" or "salvage motor vehicle." *See* TEX. TRANSP. CODE ANN. § 501.0911(a)(6), (8) (Vernon 1999).

Under the rule, TxDOT will issue a regular certificate of title for a rebuilt vehicle that has been issued a Texas Salvage Certificate without a DPS inspection. *See* 43 TEX. ADMIN. CODE § 17.8(a)(1)(C), (3)(B)(i), (vi) (2002) (DPS inspection requirement); *id.* § 17.8(a)(3)(B)(vi) ("Texas Salvage Certificates or comparable Salvage Certificates or Salvage Certificates of Title issued by another jurisdiction prior to March 1, 1996, are exempt from [the DPS inspection] requirement if an affidavit for a rebuilt motor vehicle, as prescribed by [TxDOT], is submitted with the application for certificate of title and the rebuilt salvage vehicle complies with all applicable motor vehicle safety standards of this state."). The rule provides that the new certificate of title include the notation "Rebuilt Salvage" but need not otherwise describe or disclose the vehicle's former condition. *See id.* § 17.8(c)(2) ("If the application is for a new or late model salvage vehicle that has been assembled from component parts or a new or late model salvage vehicle for which a Texas Salvage Certificate is being surrendered, only the 'Rebuilt Salvage' remark will be reflected on the face of the certificate of title.").

In light of the TxDOT rule, you ask for our advice about DPS's authority to inspect vehicles that have been issued Texas Salvage Certificates before they are issued regular certificates of title.[2] You conclude that DPS "lacks the authority to inspect a vehicle holding a salvage certificate." Request Letter, *supra* note 1, at 3. We agree with your assessment.

Because state agencies are creatures of statute and have no inherent authority, they may exercise only those powers that are specifically granted to them by statute. *See Pub. Util. Comm'n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 316 (Tex. 2001) (citations omitted). Agencies also have implied powers to do that which is reasonably necessary to carry out the specific powers delegated. *See id.* ("when the Legislature expressly confers a power on an agency, it also impliedly intends that the agency have whatever powers are reasonably necessary to fulfill its express functions or duties"). Chapter 501 of the Transportation Code gives DPS neither express nor implied authority to inspect vehicles that have been issued Texas Salvage Certificates before they are issued new certificates of title.

---

[2]In your request letter, you ask if "DPS [has] the authority to inspect businesses that deal in 'salvage certificates,'" Request Letter, *supra* note 1, at 1, but the analysis of your letter focuses on the authority of DPS under chapter 501 of the Transportation Code to inspect vehicles that have been issued Texas Salvage Certificates before they are issued regular certificates of title, *see id.* at 2-3. Your general counsel has confirmed that you are interested in DPS's authority to inspect vehicles that have been issued Texas Salvage Certificates before they are issued regular certificates of title, rather than the more general issue of DPS's authority to inspect businesses that deal in these certificates. Telephone Conversation with Mary Ann Courter, General Counsel, DPS (January 22, 2003). That more general issue would involve other law, such as DPS's general law enforcement authority, *see, e.g.,* TEX. GOV'T CODE ANN. ch. 411 (Vernon 1998 & Supp. 2003), and statutes governing salvage vehicle dealers and peace officers' authority with regard to those businesses, *see, e.g.,* TEX. REV. CIV. STAT. ANN. arts. 6687-1a, 6687-2 (Vernon Supp. 2003); TEX. TRANSP. CODE ANN. §§ 501.0930(a) (Vernon 1999) (Subchapter E "shall be exclusively enforced by the department or any other governmental or law enforcement agency or its personnel, except as provided by this subchapter."), 501.158(a) ("A peace officer may seize a vehicle or part of a vehicle without a warrant if the officer has probable cause to believe that the vehicle or part: (1) is stolen; or (2) has had the serial number removed, altered, or obliterated."); *see also* Tex. Att'y Gen. LO-97-114, at 4 ("Texas Civil Statutes article 6687-2, subsection (k), does not authorize the seizure of motor vehicles from persons other than salvage vehicle dealers. This construction of article 6687-2(k) does not affect the authority of law enforcement agencies and officers to take custody of stolen motor vehicles under other law.").

With respect to DPS's express authority under chapter 501, sections 501.0922 and 501.0927 provide for DPS inspection of vehicles that have been issued salvage motor vehicle certificates of title or nonrepairable motor vehicle certificates of title. *See* TEX. TRANSP. CODE ANN. §§ 501.0922, 501.0927 (Vernon 1999). A vehicle with either of these certificates of title may be issued a regular certificate of title only upon an application to TxDOT "describ[ing] each major component part used to repair the vehicle and show[ing] the identification number required by federal law to be affixed to or inscribed on the part." *Id.* §§ 501.0922(a)(1), 501.0927(a)(1). Significantly, the application must also be

> accompanied by a written statement signed by a specially trained commissioned officer of the Department of Public Safety certifying to the department that:
>
> (A) the vehicle identification numbers and parts identification numbers are accurate;
>
> (B) the applicant has proof that the applicant owns the parts used to repair the vehicle; and
>
> (C) the vehicle may be safely operated and complies with all applicable motor vehicle safety standards of this state.

*Id.* §§ 501.0922(a)(2), 501.0927(a)(2).

These provisions do not authorize DPS to inspect vehicles that have been issued Texas Salvage Certificates. Under these provisions, DPS is expressly authorized only to inspect vehicles with salvage motor vehicle and nonrepairable motor vehicle certificates of title. By definition, a vehicle that has been issued a Texas Salvage Certificate does not qualify as a salvage motor vehicle or nonrepairable motor vehicle. *Compare id.* § 501.0911(a)(6), (8) (defining "salvage motor vehicle" and "nonrepairable motor vehicle") *with* Request Letter, *supra* note 1, at 2 (indicating that TxDOT issues Texas Salvage Certificates to vehicles that have sustained "damage that is determined to be less than 75% of the value").

We are not aware of any other statute that gives DPS express authority to inspect vehicles with Texas Salvage Certificates before they are issued regular certificates of title. Chapter 501 vests general rule-making authority and enforcement authority in TxDOT rather than DPS. *See, e.g.,* TEX. TRANSP. CODE ANN. §§ 501.051 (Vernon 1999) ("The department shall refuse to issue a certificate of title or shall suspend or revoke a certificate of title if . . . ."), 501.131(a) ("The department may adopt rules to administer this chapter."); *see also id.* § 501.002(3) (Vernon Supp. 2003) ("In this chapter: . . . 'Department' means the Texas Department of Transportation."). Section 501.0930, which states that subchapter E "shall be exclusively enforced by the department or any other governmental or law enforcement agency or its personnel, except as provided by this subchapter," *id.* § 501.0930(a) (Vernon 1999), vests no special law enforcement authority in DPS with regard to inspecting these vehicles.

Nor do we believe that the authority to inspect vehicles with Texas Salvage Certificates may be implied from DPS's express authority to inspect vehicles with salvage motor vehicle and nonrepairable motor vehicle certificates of title. DPS's authority under sections 501.0922 and 501.0927 to inspect rebuilt salvage vehicles is clearly limited to vehicles with salvage motor vehicle and nonrepairable motor vehicle certificates of title, *see id.* §§ 501.0922, 501.0927, and DPS does not need authority to inspect vehicles with Texas Salvage Certificates in order to carry out its specific authority. We are not aware of any other statute that might be construed to give DPS implied authority to inspect vehicles with Texas Salvage Certificates before they are issued regular certificates of title.

In sum, we conclude that DPS lacks authority to inspect vehicles with Texas Salvage Certificates before they are issued regular certificates of title. We note that you have not asked for our opinion regarding the authority of TxDOT to provide by rule for Texas Salvage Certificates, and we do not reach that issue.

## S U M M A R Y

Under chapter 501 of the Transportation Code, a vehicle that has been issued either a nonrepairable motor vehicle certificate of title or a salvage motor vehicle certificate of title and that has been rebuilt may be issued a new, regular certificate of title by the Department of Transportation only if the vehicle has been inspected by the Department of Public Safety. The Department of Transportation has provided by rule for a third type of title, a "Texas Salvage Certificate," for other damaged vehicles. *See* 43 TEX. ADMIN. CODE § 17.8(b)(1)(C), (2)(C) (2002). The Department of Public Safety lacks authority to inspect vehicles with Texas Salvage Certificates before they are issued regular certificates of title by the Department of Transportation.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee