

# Fourth Court of Appeals

## San Antonio, Texas

### DISSENTING OPINION

No. 04-16-00342-CV

Alma L. **GOMEZ** and Alberto F. Gomez, Individually and as Next Friend of Jorge Elias Gomez,
a Deceased Minor, and on behalf of the Estate of Jorge Elias Gomez, a Deceased Minor; and
Yolanda Medellin, Individually and as Next Friend of Jesus Medellin,
Appellants

v.

**AMERICAN HONDA MOTOR CO., INC**,
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 11-02-26254-MCV
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice
Dissenting Opinion by: Irene Rios, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
            Karen Angelini, Justice
            Irene Rios, Justice

Delivered and Filed:  July 26, 2017

I respectfully dissent from the majority's opinion affirming the trial court's order granting

Honda's motion for no-evidence summary judgment.

In its motion for no-evidence summary judgment, Honda moved for summary judgment

on the following grounds:

- [Appellants] have no experts to support their defect claims;[1]

---

[1] Appellants alleged manufacturing, design, and marketing defects under theories of strict liability and negligence.

- [Appellants] have no experts to establish causation; and

- [Appellants] have abandoned their manufacturing defect claims, and have presented no evidence of a manufacturing defect.

A no-evidence motion for summary judgment "*must* state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i); *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, ___ S.W.3d ___, 2017 WL 2608352 *15 (Tex. June 16, 2017). The motion "must be specific in challenging the evidentiary support for an element of a claim" and "conclusory motions or general no-evidence challenges to an opponent's case" are insufficient. TEX. R. CIV. P. 166a(i) cmt. The Texas Supreme Court has "called for strict enforcement of this requirement." *Cmty. Health Sys. Prof'l Servs. Corp.*, 2017 WL 2608352 at *15 (citing *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310-11 (Tex. 2009)).

A movant is entitled to file its reply until the date of the summary judgment hearing. TEX. R. CIV. P. 166a; *Garcia v. Garza*, 311 S.W.3d 28, 36 (Tex. App.—San Antonio 2010, pet. denied). However, a movant is not entitled to use its reply to amend its summary judgment motion or raise new and independent grounds for summary judgment. *Id*. Nor may a movant use its reply to provide the specificity required by the Rules of Civil Procedure. *See Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 4 (Tex. App.—San Antonio 2000, pet. denied).

Appellants' response pointed out that the experts Andrews and Roberts had been previously designated. In its reply, Honda argued for the first time that the remaining experts lacked reliability. Honda admits that "[it] expanded its argument that [Appellants] cannot prove their case through their remaining experts."

This court has addressed the troubling practice of a movant using its reply to narrow or specify its summary judgment complaint. *See id.* In *Callaghan Ranch*, we identified a procedural problem with allowing the specificity to be satisfied by the movant's reply because it would allow

the movant to avoid complying with the specificity requirement until just before the summary judgment hearing. *See id*. Additionally, allowing a movant's reply to satisfy the required specificity "appear[s] to be in violation of the Texas Supreme Court's insistence that a motion for summary judgment must 'stand or fall on the grounds expressly presented in the motion.'" *Id*. (quoting *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1983).

Here, Honda neither specified the elements to which there is no evidence nor did it challenge the reliability of any experts' opinions in its motion for summary judgment. Rather, Honda moved for summary judgment on the grounds that "[Appellants'] liability experts have *all* been excluded." (emphasis added). Honda's argument centered solely on the absence of experts to support Appellants' claims.

Had Honda's motion for summary judgment complied with the specificity requirements of Rule 166a(i), there would be no need for this court to address whether Honda raised a new and independent ground in its reply. A no-evidence motion for summary judgment that "fails to state the specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law." *Jose Fuentes Co., Inc. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. denied); *see also Callaghan Ranch*, 53 S.W.3d at 3-4.

For these reasons, I would find Honda's no-evidence motion for summary judgment is fundamentally defective and, therefore, summary judgment in Honda's favor was not proper.

Accordingly, I respectfully dissent.

Irene Rios, Justice