

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00789-CV

Diana **FARIAS**,
Appellant

v.

Ramon **JUAREZ**, Lydia Ramos and Pro Builders, Inc.,
Appellees

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2016-CVF-001006-D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: December 5, 2018

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Diana Farias sued Ramon Juarez, Lydia Ramos and Pro Builders, Inc. asserting claims for breach of contract, fraud in a real estate transaction, and violations of the Texas Deceptive Trade Practices Act. The trial court granted a no evidence motion for summary judgment as to all of Farias's claims. We reverse the portions of the trial court's judgment granting the no evidence motion as to Farias's fraud in a real estate transaction claim and her claim against Pro Builders for breach of contract. We affirm the remainder of the trial court's judgment.

## BACKGROUND

Farias filed the underlying lawsuit on April 19, 2016. On January 31, 2017, Juarez, Ramos, and Pro Builders filed their no evidence motion for summary judgment. On March 1, 2017, Farias filed a response to the motion attaching: (1) a copy of a New Home Contract between Farias and Pro Builders, dated effective May 29, 2015, for the construction of a house; (2) copies of checks for payments Farias made totaling $85,394.00; and (3) a certificate of occupancy for the house dated February 29, 2016. On March 16, 2017, Farias filed a supplemental response to the motion attaching copies of a series of text messages exchanged between Farias and Ramos with the first text message sent on July 10, 2015, and the last text message sent on March 8, 2016. On September 5, 2017, the trial court signed an order granting the no evidence motion. Farias appeals.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary judgment de novo. *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* (internal quotation omitted). A no evidence motion is properly granted if the non-movant fails to produce no more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the non-movant's claim. *Id*. at 625. More than a scintilla of evidence exists if the evidence "would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (internal quotation omitted). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere suspicion or speculation about a fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983); *Foreman v. Whitty*, 392 S.W.3d 265, 274 (Tex. App.—San Antonio 2012, no pet.).

**REQUISITES OF NO EVIDENCE MOTION FOR SUMMARY JUDGMENT**

A no evidence motion for summary judgment "must state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i). "The motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." *Id*. cmt. "A no-evidence motion that only generally challenges the sufficiency of the non-movant's case and fails to state the specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law." *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. denied). Stated differently, "[i]f a no-evidence motion for summary judgment is not specific in challenging a particular element or is conclusory, the motion is legally insufficient as a matter of law and may be challenged for the first time on appeal." *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied).

**BREACH OF CONTRACT**

In her first issue, Farias contends the trial court erred in granting the no evidence motion for summary judgment as to her breach of contract claim. To prove breach of contract, a plaintiff must establish the following elements: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff sustained damages as a result of the breach. *Toth v. Sears Home Improvement Products, Inc.*, 557 S.W.3d 142, 157 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied).

In their no evidence motion, Juarez, Ramos, and Pro Builders asserted Farias could produce no evidence of the existence of a valid contract. They also asserted Farias had no evidence that any of them breached a contract.

Farias produced a copy of a New Home Contract that was entered into between herself and Pro Builders effective May 29, 2015, for the construction of a house. The contract contains all of the elements necessary to establish an enforceable contract. *E-Learning LLC v. AT & T Corp.*, 517 S.W.3d 849, 858 (Tex. App.—San Antonio 2017, no pet.) ("A valid, enforceable contract exists when the following elements are shown: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds on the essential terms of the contract (mutual assent); (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding."). The existence and validity of the contract is further evidenced by text messages between Farias and Ramos referencing the on-going construction of the house pursuant to the contract. As the appellees note in their brief, however, the only party to the contract was Pro Builders; therefore, Farias did not produce any evidence of a contract between herself and either Juarez or Ramos.

With regard to Pro Builders, the appellees' brief asserts "there was no evidence that Pro Builder breached its contract with [Farias], or that [Farias] had suffered any damages by such a breach." The no evidence motion, however, did not challenge the damage element of Farias's breach of contract claim. Instead, the motion stated, "Plaintiff has no evidence that Defendants breached the contract. Therefore, Plaintiff has no evidence that Defendants['] breach caused the Plaintiff injury." Read in context, we hold the motion did not challenge the damage element of Farias's breach of contract claim.

With regard to the breach element, the New Home Contract provided a blank for the date the construction would be substantially complete and ready for occupancy. Although the parties did not complete the blank with a specific date, the contract further provided "in no event may the time for substantial completion extend beyond the Closing Date." Finally, the contract provided the closing date would be September 30, 2015. Farias also produced a certificate of occupancy

that was not issued until February 29, 2016. This evidence is sufficient to satisfy Farias's burden to produce more than a scintilla of evidence raising a genuine issue of material fact as to Pro Builder's breach.

Although the trial court properly granted the no evidence motion as to Farias's breach of contract claims against Juarez and Ramos, the trial court erred in granting the no evidence motion as to Farias's breach of contract claim against Pro Builders.

### STATUTORY FRAUD IN A REAL ESTATE TRANSACTION

In her second issue, Farias contends the trial court erred in granting the no evidence motion as to her claim for fraud in a real estate transaction. Farias first asserts the no evidence motion failed to challenge specific elements of her claim. We agree.

"The elements of statutory fraud in a real estate transaction are a: '(1) false representation of a past or existing material fact, when the false representation is (A) made to a person for the purpose of inducing that person to enter into a contract; and (B) relied on by that person in entering into that contract; or (2) false promise to do an act, when the false promise is (A) material; (B) made with the intention of not fulfilling it; (C) made to a person for the purpose of inducing that person to enter into a contract; and (D) relied on by that person in entering into that contract.'" *Flynn v. Keller Williams Inc Realtors.*, No. 04-12-00307-CV, 2013 WL 979196, at *2 (Tex. App.—San Antonio Mar. 13, 2013, no pet.) (mem. op.) (quoting TEX. BUS. & COM. CODE ANN. § 27.01(a)). Although the no evidence motion acknowledged Farias had alleged Juarez, Ramos, and Pro Builders "made a false representation of fact, made false promise or promise was made for the purpose of inducing [Farias] to enter a contract," the motion stated Juarez, Ramos and Pro Builders "moves [sic] for summary judgment for the reason that Plaintiff has no-evidence to sustain a cause of action against them for Fraud." Because the motion is general and conclusory and does not specifically challenge a particular element of Farias's claim for fraud in a real estate

transaction, "the motion is legally insufficient as a matter of law." *Callaghan Ranch, Ltd.*, 53 S.W.3d at 3. Accordingly, the trial court erred in granting the no evidence motion as to this claim.

<h2 style="text-align:center">DECEPTIVE TRADE PRACTICES ACT</h2>

In her third issue, Farias contends the trial court erred in granting the no evidence motion as to her DTPA claim.

In general, the elements of a claim under the DTPA are (1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts were a producing cause of the consumer's damages. *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); *Williamson v. Howard*, 554 S.W.3d 59, 70 (Tex. App.—El Paso 2018, no pet.); *Garza v. Garza*, No. 04-11-00310-CV, 2013 WL 749727, at *7 (Tex. App.—San Antonio Feb. 27, 2013, no pet.) (mem. op.). Reliance is also a necessary element of a DTPA claim based on false, misleading, or deceptive acts. *Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 824 (Tex. 2012); *Garza*, 2013 WL 749727, at *7.

In the section of Farias's petition entitled "Deceptive Trade Practices, Farias alleged the appellees: (1) assured her they "would get [her] pre-approved for financing on the house;" (2) misrepresented the construction site was ready for construction on the date the contract was signed; (3) misled Farias "by giving [her] construction completion dates that never materialized, all the while promoting the sale of the house in question to the general public;" and (4) refused to refund the money she tendered to the appellees.[1] In the no evidence motion, the appellees asserted,

---

[1] The section of Farias's petition entitled "Deceptive Trade Practices" alleged the following:

> The Deceptive Trade Practices Act, (DTPA), Texas Business and Commerce Code §17.41 et seg. [sic], specifically includes real property within its definition of goods and a developer, builder, or other person in real estate business come within the definition of one engaging in trade or commerce. Relief under DTPA includes treble damages together with attorney's fees.
> Defendant Raymond Juarez does business under the name of Pro Builders Inc., as a residential building contractor. Defendant Lydia Ramos is Pro Builders' real estate sales agent. Defendant Lydia Ramos was instrumental in getting Plaintiff to enter into a new home construction contract

"Plaintiff has no evidence alleging Defendant made a false, misleading, or deceptive act or practice that is specifically enumerated in the 'laundry list' found in Texas Business & Commerce Code § 17.46(b) and that was relied on by the plaintiff to the Plaintiff's detriment." We construe the motion as challenging the first element of Farias's DTPA claim, i.e., the absence of evidentiary support that they engaged in a false, misleading, or deceptive act or practice.[2]

The only evidence Farias produced in support of her DTPA claim was copies of a series of text messages between herself and Ramos. Although the text messages contain contact information for mortgage companies and references to a mortgage, they do not contain any evidence of a misrepresentation regarding the construction site approval or the construction completion dates. Furthermore, the references to a mortgage at most create a mere suspicion or speculation that the appellees assured Farias they "would get [her] pre-approved for financing." Finally, although Farias produced the checks showing she paid the appellees money in connection

---

with Pro Builders Inc. for the house in question. Defendants assured Plaintiff that Defendants would get Plaintiff pre-approved for financing on the house in question. Defendants materially misrepresented to Plaintiff, upon the signing of the earnest money contract in April 2015, that the agreed to construction site was ready for constructing knowing very well that that specific construction site had not yet been approved by the City of Laredo Planning and Zoning Department; it was not until July 16, 2015 that the City of Laredo issued Defendants the building permit to Defendants [sic] for the construction of the home in question.

Defendants referred Plaintiff to several mortgage financing businesses for processing and approval of Plaintiffs mortgage loan application. None of those businesses ever approved Plaintiff's loan application as per the earnest money contract agreed to terms which called for Plaintiff to come up with 20% of the sales price which was $74,920; Plaintiff gave Defendants $14,000 more for a total of $88,952.00. This is as much as Plaintiff could afford.

Defendants continued to mislead Plaintiff by giving Plaintiff construction completion dates that never materialized, all the while promoting the sale of the house in question to the general public.

Defendants have constantly refused to refund Plaintiff the monies ($88,952.00) that she has tendered to Defendants even though Defendants have sold the house in question.

[2] In her brief, Farias notes a DTPA claim also can be based on: (1) a breach of an express or implied warranty; (2) any unconscionable action or course of action; or (3) the use or employment of any act or practice in violation of the Texas Insurance Code. TEX. BUS. & COM. CODE ANN. § 17.50 (a)(2),(3), (4). Farias asserts the no evidence motion failed to challenge these possible bases for a DTPA claim; therefore, summary judgment could not be granted as to those bases. The appellees' no evidence motion, however, was only required to challenge the elements of claims Farias actually pled, and the section of Farias's petition entitled "Deceptive Trade Practices" did not contain any allegations regarding a breach of warranty, an unconscionable action or course of action, or the use or employment of any act or practice in violation of the Texas Insurance Code.

with the construction, Farias did not produce any evidence that the appellees refused to refund the money. Although we could speculate Farias would not likely have sued the appellees if the money had been refunded, speculation is not evidence, and Farias had the burden to produce more than a scintilla of probative evidence to raise a genuine issue of material fact as to this element of her DTPA claim. *Dall. Morning News, Inc.*, 554 S.W.3d at 625.

## MOTION FOR NEW TRIAL

In her fourth issue, Farias contends the trial court erred in allowing her motion for new trial to be overruled by operation of law. Farias contends the trial court should have granted her motion for new trial in the interest of justice. Farias's only argument in support of this issue is that she raised fact issues regarding her claims sufficient to defeat the no evidence motion for summary judgment and the trial court should "correct its mistake." Having previously addressed the arguments Farias raised with regard to the trial court's ruling on the no evidence motion, we do not further address this issue.

## CONCLUSION

The trial court erred in granting the no evidence motion as to Farias's fraud in a real estate transaction claim and her claim against Pro Builders for breach of contract. Accordingly, the trial court's judgment as to those claims is reversed, and those claims are remanded to the trial court for further proceedings. The remainder of the trial court's judgment is affirmed.

Marialyn Barnard, Justice