# NO. 12-23-00093-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE COUNTY* |
| | § | *COURT AT LAW NO. 2* |
| *B.B.N., A CHILD* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

D.N. appeals the termination of her parental rights to her minor child, B.B.N. In her sole issue, D.N. challenges the legal and factual sufficiency of the evidence that termination was in B.B.N.'s best interest. We affirm.

## BACKGROUND

On January 25, 2022, the Department of Family and Protective Services filed an original petition for protection of B.B.N., for conservatorship, and for termination of D.N.'s parental rights. The trial court appointed the Department temporary managing conservator of B.B.N. and allowed D.N. limited access to and possession of B.B.N. After a trial on the merits, the trial court found that the Department established, by clear and convincing evidence, that D.N. engaged in the acts or omissions necessary to support termination of her parental rights under Subsections (D) and (E) of Texas Family Code Section 161.001(b)(1) and termination of her parental rights is in B.B.N.'s best interest. Based upon these findings, the trial court signed an order terminating D.N.'s parental rights. This appeal followed.

## TERMINATION OF PARENTAL RIGHTS

Involuntary termination of parental rights involves fundamental constitutional rights. *Vela v. Marywood*, 17 S.W.3d 750, 759 (Tex. App.—Austin 2000), *pet. denied per curiam*, 53 S.W.3d

684 (Tex. 2001); *In re J.J.*, 911 S.W.2d 437, 439 (Tex. App.—Texarkana 1995, writ denied). Because a termination action permanently sunders the bonds between parent and child, the proceedings must be strictly scrutinized. *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976); *In re Shaw*, 966 S.W.2d 174, 179 (Tex. App.—El Paso 1998, no pet.). "[W]e must exercise the utmost care in reviewing the termination of parental rights to be certain that the child's interests are best served and that the parent's rights are acknowledged and protected." *Vela*, 17 S.W.3d at 759.

Section 161.001(b) of the Texas Family Code permits a court to order termination of parental rights if two elements are established. TEX. FAM. CODE ANN. § 161.001(b) (West 2022). The movant must show that (1) the parent committed one or more predicate acts or omissions, and (2) termination is in the child's best interest. *See id.* § 161.001(b)(1), (2); *see also In re J.M.T.*, 39 S.W.3d 234, 237 (Tex. App.—Waco 1999, no pet.). Both elements must be established by clear and convincing evidence, and proof of one element does not alleviate the petitioner's burden of proving the other. TEX. FAM. CODE ANN. § 161.001 (b); *Wiley*, 543 S.W.2d at 352; *In re J.M.T.*, 39 S.W.3d at 237.

The "clear and convincing" evidentiary standard for termination of parental rights is both constitutionally and statutorily mandated. TEX. FAM. CODE ANN. § 161.001; *In re J.J.*, 911 S.W.2d at 439. "Clear and convincing evidence" is defined as "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2019). The party seeking termination of parental rights bears the burden of proof. *In re J.M.T.*, 39 S.W.3d at 240.

## STANDARD OF REVIEW

When presented with a challenge to both the legal and factual sufficiency of the evidence, an appellate court must first review the legal sufficiency of the evidence. *Glover v. Tex. Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex. 1981); *In re M.D.S.*, 1 S.W.3d 190, 197 (Tex. App.—Amarillo 1999, no pet.). When reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the finding to determine whether "a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could, and we disregard all evidence that a reasonable factfinder could

have disbelieved or found to have been incredible. *Id*. If no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, the evidence is legally insufficient. *Id*. The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 580 (Tex. App.—Houston [1st Dist.] 1997, pet. denied).

When reviewing the factual sufficiency of the evidence, we must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *In re C.H.,* 89 S.W. 3d 17, 25 (Tex. 2002). We give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing, and we consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its ruling. *In re J.F.C*., 96 S.W. 3d at 266. If, considering the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, the evidence is factually insufficient. *Id*.

## BEST INTEREST OF THE CHILD

In her sole appellate issue, D.N. challenges the legal and factual sufficiency of the evidence supporting the trial court's finding that termination of her parental rights is in B.B.N.'s best interest.

### The Evidence

Sarah Miller, a child protection investigation supervisor for Angelina County, testified that she supervised the caseworker who originally worked on the case involving B.B.N. At the time of trial, B.B.N. was almost a year old and was in foster care.[1] In January 2022, the Department received a report that D.N. tested positive for "methamphetamine, amphetamines, and THC[.]" B.B.N. tested positive for drugs at birth and eventually showed withdrawal symptoms. The Department interviewed D.N., and she admitted to using methamphetamine and marijuana.

Conservatorship worker Gardenia Escobar testified that she received the case in February 2022. Escobar explained that the family plan of service required D.N. to obtain and maintain housing and employment, complete a psychosocial assessment, and submit to random drug testing.

---

[1] B.B.N.'s father is deceased.

According to Escobar, D.N. attended rehabilitation, but she did not complete other requirements. D.N. relapsed and continued to abuse controlled substances, and she tested positive for methamphetamine in July of 2022. Escobar testified that terminating D.N.'s parental rights is in B.B.N.'s best interest because D.N. "did not make any efforts to complete any services." Escobar explained that B.B.N.'s foster parents want to adopt him, and he is "thriving" in that home. Escobar opined that adoption is in B.B.N.'s best interest.

CASA worker Kelley Moore testified that she visited with B.B.N. in his foster placement, and she agreed that said home is appropriate, clean, safe, and loving. Moore also visited with D.N. on one occasion. Moore opined that terminating D.N.'s parental rights is in B.B.N.'s best interest because D.N. "has not done what she's needed to do to be able to see her child and get clean. . . . She's had every opportunity." Moore also explained that B.B.N. is currently placed with his maternal aunt, and that she believes "the maternal aunt and her family love the child and they have made great strides to provide for his needs."

D.N. testified that although she would like to retain her parental rights, she knows "the best decision" would be for B.B.N. to be with his maternal aunt and her family. D.N. explained that she is unemployed, is not paying child support, lives in a recreational vehicle, and is "still not sober[.]" When asked whether she believes being placed with her sister is in B.B.N.'s best interest, D.N. testified, "Yes, sir. Yes, sir."

## Applicable Law

In determining the best interest of the child, we consider a non-exhaustive list of factors, including: (1) the desires of the child; (2) the child's emotional and physical needs now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) programs available to assist these individuals to promote the child's best interest; (6) plans for the child by these individuals or the agency seeking custody; (7) stability of the home or proposed placement; (8) acts or omissions of the parent which may indicate that the existing parent-child relationship is not proper; and (9) any excuse for the parent's acts or omissions. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

The Texas Family Code also provides a list of factors that we will consider in conjunction with the *Holley* factors. TEX. FAM. CODE ANN. § 263.307(b) (West 2019). These statutory factors include (1) the child's age and physical and mental vulnerabilities; (2) the frequency and nature of out-of-home placements; (3) the magnitude, frequency, and circumstances of the harm to the child;

4

(4) whether the child has been the victim of repeated harm after the initial report and intervention by the Department; (5) whether the child is fearful of living in or returning to the child's home; (6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home; (7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home; (8) whether there is a history of substance abuse by the child's family or others who have access to the child's home; (9) whether the perpetrator of the harm to the child is identified; (10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision; (11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time; (12) whether the child's family demonstrates adequate parenting skills; and (13) whether an adequate social support system consisting of an extended family and friends is available to the child. *Id.*

No particular *Holley* factor is controlling, and evidence of one factor may be sufficient to support a finding that termination is in the child's best interest. *In re A.P.*, 184 S.W.3d 410, 414 (Tex. App.—Dallas 2006, no pet.). The evidence need not prove all the statutory or *Holley* factors to show that termination of parental rights is in a child's best interest. *See Holley*, 544 S.W.2d at 372; *In re J.I.T.P.*, 99 S.W.3d 841, 848 (Tex. App.—Houston [14th Dist.] 2003, no pet.). The best interest of the child does not require proof of any unique set of factors nor limit proof to any specific factors. *In re D.M.*, 58 S.W.3d 802, 814 (Tex. App.—Fort Worth 2001, no pet.). Although undisputed evidence of one factor may be sufficient to support a finding that termination is in the child's best interest, the presence of scant evidence relevant to each factor will not support such a finding. *In re M.R.J.M.*, 280 S.W.3d 494, 507 (Tex. App.—Fort Worth 2009, no pet.). Evidence supporting the statutory predicate grounds for termination of parental rights is also probative in determining whether termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28-29 (Tex. 2002). In conducting a best-interest analysis, "a court may consider not only direct evidence but also may consider circumstantial evidence, subjective factors, and the totality of the evidence." *In re J.M.T.*, 519 S.W.3d 258, 269 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). "Parental drug abuse reflects poor judgment and may be a factor to consider in determining a child's best interest." *Id.* Moreover, evidence of illegal drug use supports an inference that a parent is at risk for continuing drug use, which is relevant to the stability of the

home, as well as to the child's emotional and physical needs now and in the future and the danger in which the child could be placed now and in the future. *Id*. Evidence of failure to complete all of the tasks and services required by a service plan also supports a trial court's finding that termination is in the child's best interest. *Id*. at 269-70. We will apply the statutory and **Holley** factors below.

**Analysis**

B.B.N. had been in the Department's care since a few days after his birth.[2] The evidence indicated that D.N. tested positive for methamphetamine, amphetamines, and THC when B.B.N. was born, and B.B.N. also tested positive for drugs and demonstrated withdrawal symptoms. In addition, the trial court heard evidence that B.B.N. is doing well in his foster placement with his maternal aunt and her family, and his foster parents wish to adopt him. D.N.'s drug use reflects poor judgment, and the trial court could have considered that as a factor in determining B.B.N.'s best interest. *See id*. Furthermore, the undisputed evidence of D.N.'s drug use supports an inference that she is at risk for continuing drug use, which is relevant to the stability of the home, as well as to B.B.N.'s emotional and physical needs now and in the future and the danger in which the child could be placed now and in the future. *See id*. Evidence of D.N.'s failure to complete all of the tasks and services required by the service plan also support the trial court's finding that termination is in B.B.N.'s best interest. *See id*. The trial court also heard D.N. agree that although she did not want her parental rights to be terminated, termination is in B.B.N.'s best interest. *See id*. at 269.

"[T]he prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." TEX. FAM. CODE ANN. § 263.307(a) (West 2019). Viewing all the evidence relating to the statutory and **Holley** factors in the light most favorable to the trial court's finding, we conclude that a reasonable factfinder could have formed a firm belief or conviction that termination of D.N.'s parental rights is in B.B.N.'s best interest, and therefore, the evidence of best interest is legally sufficient. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(2), 263.307(b); *see also In re J.F.C.,* 96 S.W.3d at 266; **Holley**, 544 S.W.2d at 371-72; **In re J.M.T.**, 519 S.W.3d at 269-70. Any evidence that might weigh against the finding is not so significant that a reasonable factfinder could not have reconciled such evidence in favor of its finding and formed a firm belief or conviction that terminating D.N.'s parental rights is in B.B.N.'s best interest. *See In re J.F.C.*,

---

[2] B.B.N. was born three days before the Department filed its original petition.

96 S.W.3d at 266; ***Holley***, 544 S.W.2d at 371-72; ***In re J.M.T.***, 519 S.W.3d at 269-70. We therefore conclude that the evidence supporting the trial court's finding that termination of D.N.'s parental rights is in B.B.N.'s best interest is factually sufficient. *See **In re J.F.C.***, 96 S.W.3d at 266; ***Holley***, 544 S.W.2d at 371-72; ***In re J.M.T.***, 519 S.W.3d at 269-70. Accordingly, we overrule issue one.

## DISPOSITION

Having overruled D.N.'s sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered August 23, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 23, 2023**

**NO. 12-23-00093-CV**

**IN THE INTEREST OF B. B. N., A CHILD**

Appeal from the County Court at Law No. 2
of Angelina County, Texas (Tr.Ct.No. CV-00045-22-01)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things **affirmed**, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*